# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 98-1315

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| Randy Lee Vanhorn, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted:  June 15, 1998

Filed:  June 25, 1998

_____

Before WOLLMAN, BEAM, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Randy Lee Vanhorn previously leased and managed a bowling center.  Using the names and social security numbers of children who participated in a youth bowling league, Vanhorn prepared false Internal Revenue Service (IRS) W-2 forms and tax returns, which he mailed to the IRS, listing his home address as the return address.  The IRS mailed three refund checks totaling over $12,000 to Vanhorn, who forged endorsements on two of the checks, attempted to deposit one of them, and succeeded in depositing the other.  The fraud was eventually discovered, and Vanhorn later pleaded guilty to three counts of filing a false tax claim, in violation of 18 U.S.C. § 287,

and two counts of forging an endorsement on a United States Treasury check, in violation of 18 U.S.C. § 510(a)(2). The district court sentenced Vanhorn to serve 27 months' imprisonment and three years' supervised release, and to pay restitution and a fine. Vanhorn later filed a 28 U.S.C. § 2255 motion to vacate his sentence, arguing, inter alia, that the district court violated his rights by neglecting to inform him of his right to appeal his sentence. The district court set aside Vanhorn's sentence on that basis, ordered resentencing, and ultimately resentenced Vanhorn to serve 24 months' imprisonment and three years' supervised release, and again to pay restitution and a fine. Vanhorn now appeals from the new sentence.

Vanhorn first argues that the district court erred in enhancing his sentence for abusing a position of trust. The Guidelines require a two-level increase to a defendant's base offense level "[i]f the defendant abused a position of public or private trust . . . in a manner that significantly facilitated the commission or concealment of the offense." See U.S. Sentencing Guidelines Manual § 3B1.3 (1997). We review for clear error a sentencing court's factual findings, but we review de novo the application of the Guidelines to the facts. See United States v. Darden, 70 F.3d 1507, 1544 (8th Cir. 1995), cert. denied, 517 U.S. 1149, and cert. denied, 518 U.S. 1026 (1996).

Based on uncontested information in the presentence report (PSR), as well as on testimony given during the sentencing and resentencing hearings, we conclude that the district court did not clearly err in finding that Vanhorn obtained the children's social security numbers from forms they filled out to join the National Bowling Association, notwithstanding Vanhorn's testimony to the contrary. See United States v. Dierling, 131 F.3d 722, 736 (8th Cir. 1997) (sentencing court's assessment of witness credibility "nearly unreviewable"), cert. denied, 118 S. Ct. 1379, and cert. denied, 118 S. Ct. 1401 (1998), and pet'n for cert. filed, -- U.S.L.W. -- (U.S. May 7, 1998) (No. 97-9043). Because Vanhorn was manager of the facility to which the children had entrusted these forms, the district court did not err in assessing the abuse-of-trust enhancement. See

U.S. Sentencing Guidelines Manual § 3B1.3, comment. (n.1) (1997) (position of public or private trust is characterized by professional or managerial discretion).

Vanhorn also challenges the district court's decision to enhance his sentence for obstruction of justice. <u>See</u> U.S. Sentencing Guidelines Manual § 3C1.1 (1997) (add two levels if defendant willfully obstructed or impeded, or attempted to obstruct or impede, administration of justice during investigation, prosecution, or sentencing of instant offense). The PSR and testimony at resentencing demonstrate that, on June 13, 1996, Vanhorn admitted his participation in the instant offenses and informed an IRS special agent that he still had not received the third IRS refund check he had been expecting. Although the agent instructed Vanhorn to surrender the third check to police when it arrived, Vanhorn instead deposited the check after its arrival and then wrote checks against the account in which it was deposited. As a result, the IRS was unable to recover the deposited funds.

Although Vanhorn argues that the record does not demonstrate any intent to impede justice, we conclude otherwise: depositing a fraudulently-obtained check against the explicit instructions of authorities during the investigation of the underlying fraud, and then spending the deposited funds so as to effectively thwart efforts to return the money to the victim, clearly warrants an obstruction-of-justice enhancement. <u>See</u> U.S. Sentencing Guidelines Manual § 3C1.1, comment. (n.2) (1997) (obstructive conduct varies widely in nature, degree of planning, and seriousness); <u>Dierling</u>, 131 F.3d at 738 (§ 3C1.1 enhancement is proper where misconduct occurs with knowledge of investigation). We also reject as meritless Vanhorn's related argument that assessing the enhancement constituted double-counting.

Next, Vanhorn argues that the district court clearly erred in denying him an acceptance-of-responsibility reduction. We disagree. <u>See</u> U.S. Sentencing Guidelines Manual § 3E1.1, comment. (n.4) (1997) (conduct resulting in § 3C1.1 enhancement ordinarily indicates defendant has not accepted responsibility for criminal conduct);

United States v. Chatman, 119 F.3d 1335, 1342 (8th Cir.) (standard of review), cert. denied, 118 S. Ct. 434 (1997).

Finally, we agree with Vanhorn that he was denied the right of allocution at his resentencing hearing.   By vacating Vanhorn's sentence and ordering resentencing, the district court effectively sentenced him anew, entitling Vanhorn to be heard before having sentence imposed upon him.   See Fed. R. Crim. P. 32(c)(3)(C) (before sentencing, court must address defendant personally and determine whether he wishes to make statement and present mitigating information); United States v. Taylor, 11 F.3d 149, 152 (11th Cir. 1994) (per curiam) (defendant entitled to allocution where district court vacated original sentence upon § 2255 motion, and scheduled resentencing).  We also note that the record shows that Vanhorn was never invited to speak in mitigation of his sentence and that he received a sentence at the top of the applicable Guidelines range.

Given these circumstances, we are unable to conclude that the error is harmless. See United States v. Patterson, 128 F.3d 1259, 1261 (8th Cir. 1997) (per curiam) (reviewing for harmless error deprivation of right of allocution).  Accordingly, on remand Vanhorn must be given an opportunity for allocution prior to the imposition of sentence upon him.  See United States v. Walker, 896 F.2d 295, 301 (8th Cir. 1990).

We deny Vanhorn's motion for a full review of the record.

The sentence is vacated, and the case is remanded to the district court for proceedings consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-