**UNITED STATES of America, Appellee,**

v.

**Anthony Luciano SANTONELLI, also known as Tony, also known as James Porm, also known as Harry Hoigard, also known as Frank Santonelli, Appellant.**

**UNITED STATES of America, Appellant,**

v.

**Anthony Luciano SANTONELLI, also known as Tony, also known as James Porm, also known as Harry Hoigard, also known as Frank Santonelli, Appellee.**

Nos. 96–3830, 96–4127.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 8, 1997.

Decided Nov. 4, 1997.

Kevin Curran, St. Louis, MO, argued, for appellant.

Michael Fagan, St. Louis, MO, argued (Edward L. Dowd, Jr., U.S. Atty., on the brief), for ·appellee.

Before McMILLIAN, BRIGHT and MURPHY, Circuit Judges.

BRIGHT, Circuit Judge. ·

In this appeal, Anthony Luciano Santonelli again challenges the sentence for his drug trafficking conviction. Previously, we remanded this case· for resentencing following Santonelli's first successful appeal. · *See United States v. Santonelli,* 83 F.3d 984 (8th Cir.1996)(*Santonelli I*).[1] On remand, the district court resentenced Santonelli to 162

---

1. This court's opinion in the prior appeal also included the appeal of Anthony Santonelli's co-defendant, Jane Ellen Byrne. In.the interest of clarity, however, we will refer to the prior appeal only·as *Santonelli I.*

months imprisonment, which was thirteen months fewer than the initial sentence in *Santonelli I*. Both Santonelli and the government are dissatisfied with the district court's resentencing.

Santonelli asserts, in effect, that because the government, following *Santonelli I*, sought and obtained a sentence enhancement of one point, he should on this appeal, and in this court, raise issues about the sentence that had been previously resolved and had not been presented in district court, *i.e.*, alleged double counting of drug quantities. He also seeks a reduction of the sentence as a minor participant, a claim Santonelli did raise in the district court on remand.

The government by its cross-appeal seeks a still heavier sentence against Santonelli. It claims Santonelli obstructed justice by lying in his trial testimony. It further seeks to recalculate drug quantities to a much higher level, based on a greater amount of drugs by way of potential dilution of the seized drugs, if those drugs were sold on the street.

We affirm the district court in all respects and reject Santonelli's appeal, as well as the government's appeal.

## I. BACKGROUND

This court's prior opinion in this matter sets out the full factual background. *See United States v. Santonelli*, 83 F.3d 984 (8th Cir.1996) (*Santonelli I*). We will therefore underscore only a few necessary facts. A jury convicted Santonelli and Jane Allen Byrne of conspiring to distribute heroin, powder cocaine and cocaine base, as well as multiple-related substantive drug trafficking counts. Thereafter, the probation officer prepared a presentence report, in which he concluded that the cumulative drug quantities for which Santonelli was responsible required a base offense level of 28. The probation officer further determined that the available sentencing information did not pro-

vide grounds for any upward or downward adjustment. In particular, the probation officer determined that no information existed that suggested that Santonelli obstructed justice. The probation officer found that Santonelli was a category VI offender and that his resulting sentencing range was 140–175 months imprisonment. The government presented no objection to this presentence report. The district court sentenced Santonelli to 175 months imprisonment along with a fine, a special assessment and supervised release.

In the first appeal of this case, this court affirmed Santonelli's conviction but vacated his sentence and remanded for resentencing, reasoning that the presentence report should not have counted against Santonelli the drugs seized from Byrne's Newstead residence because Santonelli had been in custody for the entire month before the government's seizure. *Santonelli I*, 83 F.3d at 993. In addition, this court rejected Santonelli's contention that the presentence report had "double counted" some of the drug amounts seized from the Newstead residence. *Id.* This court opined that any "double counting" was "more than offset" by other amounts of drugs omitted in the presentence report, but might properly have been counted against Santonelli, and by the seemingly available enhancement for drug distribution near a protected location and for obstruction of justice. *Id.*

On remand, the probation officer prepared another presentence report, this time determining that Santonelli was responsible for trafficking drugs in an amount that placed Santonelli's base offense level at 26 rather than at 28. This reduction was in accord with *Santonelli I*. The probation officer, however, increased the offense level one point to 27 because Byrne's Victor Avenue apartment, which was used by the conspiracy for drug distribution, was located near a "protected location." [2] The probation officer

---

**2.** The probation officer calculated the offense level based on drug quantity plus location of the sale in the presentence report of July 30, 1996. Specifically, the probation officer, in the presentence report, stated:

In summary, the instant offense involved a conspiracy wherein a total of 11.05 grams of heroin, 5.62 grams of cocaine, 1.6 grams of cocaine base ("crack") and 1.22 grams of a

substance containing both cocaine and heroin were distributed. Byrne further admitted to the distribution of an additional 250 grams of heroin and 525 grams of cocaine which Santonelli supplied during the conspiracy; making an overall total of 262.27 grams of heroin and 530.62 grams of cocaine. During the conspiracy, drugs stored and sold from Byrne's residence located at 2857–A Victor, St. Louis, Mis-

found no other applicable adjustments to the base offense level, particularly noting that "[t]here was no information to suggest that the defendant impeded or obstructed justice." Based on Santonelli's status as a category VI offender, the probation officer calculated the appropriate sentence range at 130–162 months imprisonment. The district court accepted this calculation and sentenced Santonelli to a term of 162 months.

In this appeal, Santonelli argues the district court erred in four respects. Specifically, Santonelli contends the district court improperly allowed the "protected location" enhancement, "double counted" when calculating the quantity of drugs sold in the conspiracy, incorrectly denied Santonelli's request for a "minor participant" reduction and improperly included the entire month of September when determining the extent of the conspiracy's drug sales.

As already mentioned, the government, in its appeal, challenges the district court's refusal to apply an obstruction of justice enhancement and the district court's method of quantifying certain "uncut" drugs.

## II. DISCUSSION

■ The controversy in this case focuses on this court's discussion of sentencing and the nature of the remand in the prior case, *Santonelli I.*

In *Santonelli I*, in discussing the quantities of drugs attributable to Santonelli, we said:

The presentence report calculation of drug quantity did include these drugs and their inclusion did change the offense level. Including the drugs seized from Byrne's apartment at the time of her arrest on March 3, 1994, 2.7 grams of heroin and 2.5 grams of cocaine, increased the total drug quantity attributable to Santonelli to slightly more than 400 kilograms of marijuana equivalents and thus increased the offense level from 26 to 28.

*Because the sentence may have been affected by this incorrect information,* we vacate Santonelli's sentence and remand the case to the district court for resentencing.

souri directly involved a protected location, a St. Louis City public park.

*Santonelli I,* 83 F.3d at 993 (emphasis added).

Santonelli also contended in his initial appeal that the presentence report double counted drug quantities by adding rather than subtracting the drugs seized from Byrne's apartments. We responded as follows:

Assuming for purposes of analysis that it was "double-counting" to add the drugs actually seized to the estimated quantity of drugs based on Byrne's statement, we hold that the error was harmless. The presentence report calculated the total drug quantity involved in the conspiracy on the basis of smaller amounts than Byrne reported in her statement (10 grams of heroin per week rather than 10.5 grams, a difference of 12.5 grams over the 25-week conspiracy). That difference alone would substantially offset the double-counting. In addition, the presentence report did not include the drugs represented by the money seized in the calculation of the total drug quantity or any enhancements for transactions near a protected location or obstruction of justice in the calculation of the offense level. Including these factors would have more than offset the double-counting.

*Id.*

After we determined that Santonelli's sentence may be in error due to "incorrect information," we concluded the opinion by stating, "We affirm Santonelli's conviction on all counts, vacate his sentence and remand his case to the district court for resentencing." *Id.* at 994.

The controversy here focuses upon the obligation of the district court on remand. Santonelli's basic contention would limit the court's function to only correcting the error by excluding the drugs seized from Byrne's apartment and reducing the offense level to 26. However, Santonelli now asserts on this appeal that, because the court changed the offense level to 27, his claims of double counting of drugs and denial of minor participant violation should be again reviewed by this court.

Presentence Report (July 30, 1996) at par. 10.

The government contends that the remand for resentencing permitted the sentencing judge to operate on a clean slate, opining that it could raise every issue on resentencing including recalculation of amounts of drugs based on lesser purity of drugs on street sales and enhancement of Santonelli's sentence for obstruction of justice. Both parties are in error. The district court did not act inconsistent with our remand, which we construe to be limited, not open-ended.

Although the court's opinion in its conclusion recited that we "vacate his sentence and remand his case to the district court for resentencing," that statement must be read with the analysis offered in the opinion. Specifically, we stated, *"[b]ecause the sentence may have been affected by this incorrect information, we vacate Santonelli's sentence and remand the case to the district court for resentencing." Id.* at 993 (emphasis added).

The offense level referred to in the opinion related to the following comment in the presentence report of September 23, 1994:

18. **Base Offense Level:** The guideline for a violation of 21 USC 841(a) and 846 is ultimately found in Section 2D1.1(a)(3) of the guidelines manual which refers to the Drug Quantity Table. The base offense level for 262.27 grams of heroin, 530.62 grams of cocaine, and 1.6 grams of cocaine base ("crack"), is 28.

Presentence Report (Sept. 23, 1994) at par. 18.

On remand, the probation officer ascertained correct information concerning the drug distribution, including the place of distribution, which affected a correct sentence. The revised presentence report of July 30, 1996 at the same numbered item read:

18. **Base Offense Level:** The guideline for a violation of 21 USC 841(a) and 846 is ultimately found in Section 2D1.2(a)(2) of the guidelines manual, which states that the offense level is (1, plus the offense level from 2D1.1 applicable to the total quantity of controlled substances involved in the offense) the total amount of drugs involved in the instant offense is 260.20 grams of heroin, 528.12 grams of cocaine, and 1.6 grams of cocaine base ("crack"), resulting in an offense level of 27.

Presentence Report (July 30, 1996) at par. 18.

The district court accepted the revised presentence report in determining the offense behavior and properly applied the guideline sentence. In our view, the correction of the offense level relating to quantity of drugs permitted adding a guideline point for the place where the drugs were sold.[3]

■ Santonelli asserts that if the remand permitted enhancement of his guideline points for the sale of drugs in a protected location—a matter not anticipated on remand—this case should be remanded again for reconsideration of double counting. This contention has some arguable merit. However, our limited remand concerned possible "incorrect information" relating to the offense level. Therefore, the remand, as we have already noted and as interpreted in the district court, permitted a review of the correct offense level, which would include the one-point enhancement for the place of sale. The 1996 presentence report included the enhancement. Thus, Santonelli received notice of the proposed sentence and could have made appropriate objections. Nevertheless, Santonelli did not contest the revised presentence report on the amount of drugs. Therefore, Santonelli's contention that we should revisit double counting is rejected. *See United States v. Wallingford,* 82 F.3d 278,

---

**3.** Section 2D1.2 of the sentencing guidelines provides:

*Drug Offenses Occurring Near Protected Locations or Involving Underage or Pregnant Individuals; Attempt or Conspiracy*

(a) Base Offense Level (Apply the greatest):

(1) **2** plus the offense level from § 2D1.1 applicable to the quantity of controlled substances directly involving a protected location or an underage or pregnant individual; or

(2) **1** plus the offense level from § 2D1.1 applicable to the total quantity of controlled substances involved in the offense; or

(3) **26**, if the offense involved a person less than eighteen years of age; or

(4) **13**, otherwise.

U.S.S.G. § 2D1.2.

281 (8th Cir.1996); *United States v. Beatty,* 9 F.3d 686 (8th Cir.1993).

■ Santonelli raises three additional issues. First, Santonelli argues that he served the conspiracy as a minor participant, entitling him to a two-point downward adjustment. Second, Santonelli asserts that the district court incorrectly assumed that the drug scheme existed the entire month of September. Third, Santonelli argues that the district court should not have relied on his co-conspirator's statements as to drug amounts because Santonelli claims his co-conspirator was completely unreliable.

■ As we have previously stated, only those matters relevant to the drug amount were open on remand. Therefore, the district court properly rejected Santonelli's contention with respect to the minor participant adjustment. Furthermore, even if this issue was open for consideration, the district court properly found that Santonelli did not qualify for the reduction. With respect to Santonelli's two remaining assertions, it is this court's view that these issues were raised and correctly resolved in *Santonelli I.*[4]

■ The government's contention that the drug amounts seized should be increased for possible dilution of the drugs for street sales is also rejected. The government presented only argument on this issue rather than any persuasive testimony. Accordingly, the district court did not err in impliedly rejecting the government's claims and accepting the drug amounts disclosed in the final presentence report.[5]

■ Finally, the government's assertion that the sentence should have been increased for obstruction of justice is without any merit. That issue did not survive the remand. Moreover, even if this issue would have survived the remand, both presentence reports found no obstruction of justice and the district judge who heard the case accepted those reports. Thus, on the merits, the district judge did not err in denying the government's contention that Santonelli had obstructed justice.

In rejecting both parties' appeals, we take this opportunity to make an additional comment. The prior opinion might have been read as a remand on all sentencing issues (the government's contention), as a remand only on the quantity of drugs to reduce the guideline points from 28 to 26 (Santonelli's contention), or as a remand limited to correcting the error relating to the offense level which would include the enhancement for the place of drug distribution near a protected location.

If we adopted either the government's version or that of Santonelli, this case could be remanded to the district court for a third hearing and possibly a third appeal.

In federal sentencing, more than one appeal is sometimes required. We have had two appeals here. Other courts have suffered through several appeals in sentencing an offender. *See, e.g., United States v. Young,* 66 F.3d 830 (7th Cir.1995) (considering, for the third time, an offender's appeal from sentencing). Repetitive hearings, followed by additional appeals, waste judicial resources and place additional burdens on parole officers and personnel and on hard-working district and appellate judges.

In most instances, one appeal should suffice. Ordinarily, an appeals court can avoid the problem of multiple appeals by specifically issuing limited remands on sentencing cases, leaving open for resolution only the issue found to be in error on the initial sentencing. Of course in an appropriate case it may remand for a complete redetermination of the sentence.

In this case, a more specific remand would have eliminated this second appeal and our

---

4. In *Santonelli I,* we specifically ruled that "the district court did not err in including the month of September 1993 in calculating the quantity of drugs." *Santonelli I,* 83 F.3d at 993. With respect to relying on Byrne's statements to calculate the drug amounts, we implicitly rejected the notion that Byrne's statements to drug agents lacked an adequate indicia of reliability because she had consumed methadone before questioning. *Id.* at 991.

5. Both parties seek to manipulate the sentence by altering the quantity of drugs. Such efforts again illustrate that sentencing by weight (of drugs) can be illogical and unfair. The amount of drugs attributed to an offender may have little relationship to an offender's degree of criminality. For example, a drug courier may be held responsible for a heavy weight of drugs carried and receive a very long sentence for a relatively minor role in the drug crime.

consideration of several extraneous issues. This is a typical situation where the losing party on the first appeal (here the prosecution), if given the chance, will seek to have a redetermination of the issues on which it lost and the opposing party conjures up new issues favorable to it. An appeals court in sentencing cases should avoid giving the parties additional bites of the litigation apple.

## III. CONCLUSION

For the reasons stated, we affirm, rejecting the appeal of Santonelli and the government's cross-appeal.