# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 98-1495

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | |
| | * | |
| Ronald A. Patterson, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the |
| ---------------------- | * | Western District of Missouri. |
| | * | |
| United States of America, | * | [PUBLISHED] |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | |
| | * | |
| Ronald A. Patterson, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: June 22, 1998
Filed: June 24, 1998

_____

Before BOWMAN, Chief Judge, FAGG, and MURPHY, Circuit Judges.

_____

PER CURIAM.

When Ronald A. Patterson, who was previously sentenced for two criminal offenses, violated his supervised release, the district court revoked supervised release and imposed a revocation sentence of 36 months imprisonment on one offense and 24 months imprisonment on the other offense. On appeal, we "vacate[d] Patterson's sentence and remand[ed] for resentencing," because the district court failed to afford him an opportunity for allocution prior to the imposition of sentence following the revocation of his supervised release, and this failure did not constitute harmless error. See United States v. Patterson, 128 F.3d 1259, 1260-61 (8th Cir. 1997) (per curiam). In a footnote, we stated that we did not reach the merits of Patterson's claim about being sentenced on materially false information, "because he raise[d] it for the first time on appeal." Id. at 1261 n.2. On remand at resentencing, Patterson again raised his false-information claim, while the government argued that the only "issue" before the district court was to afford Patterson an opportunity for allocution before imposing a revocation sentence, and that our opinion precluded the district court from reconsidering the underlying basis for the false-information claim. After Patterson extensively exercised his right to allocution, the court revoked Patterson's supervised release and reimposed its prior revocation sentences. Patterson appeals, and we affirm.

On appeal, Patterson renews his false-information claim, and argues that the government's attempt to limit the issues before the district court on remand was improper, because several of our decisions provide for a "complete re-sentencing" on remand. The government maintains that Patterson was barred from again raising this issue before the district court, based on his prior waiver of this issue and the footnote in our previous opinion to that effect.

We agree with the government that, because we remanded for the purpose of affording Patterson allocution and refused to reach the false-information claim Patterson failed to preserve for appeal, he was precluded from raising this issue again on remand and cannot obtain a decision on the issue's merits in this appeal.

Specifically, our decision to "vacate Patterson's sentence and remand for resentencing," see id. at 1260-61, must be viewed in the context of our entire opinion, which focused solely on the district court's failure to afford Patterson an opportunity for allocution, see id. Viewed in this way, the remand was clearly limited and not open-ended. See United States v. Santonelli, 128 F.3d 1233, 1236-37 (8th Cir. 1997) (construing remand order which vacated defendant's sentence and remanded case for resentencing to be limited, because remand order had to be read with analysis in opinion which focused on erroneous drug-quantity determination affecting offense level; thus holding that court on remand could adjust offense level regarding drug quantity and place where drugs were sold, but rejecting government's contention that remand enabled sentencing judge to operate on clean slate). As we stated in Santonelli, "[a]n appeals court in sentencing cases should avoid giving the parties additional bites of the litigation apple." See id. at 1239 (noting "typical situation" where losing parties in first appeal, if given chance, will seek redetermination of issues on which it lost).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-