# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2334

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | On Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| William Fred Coleman, Jr., | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: January 7, 1999

Filed: January 20, 1999

_____

Before McMILLIAN, RICHARD S. ARNOLD, and MAGILL, Circuit Judges.

_____

RICHARD S. ARNOLD, Circuit Judge.

William Fred Coleman, Jr. was convicted in 1996 for conspiracy to manufacture methamphetamine, 21 U.S.C. § 846 (Count I); use of fire and explosive material to destroy property used in interstate commerce, 18 U.S.C. § 844(I) (Count II); and destruction of property to prevent seizure of evidence, 18 U.S.C. § 2232(a) (Count III). The District Court[1] applied a total offense level of 38 and a criminal history Category II, resulting in a Guidelines imprisonment range of 262-327 months, sentencing

_____

[1]The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

Coleman to 21 years and 10 months imprisonment and five years supervised release on Count I, and additional, concurrent sentences of 20 years on Count II and five years on Count III. On appeal, we affirmed Coleman's conviction and declined to consider his arguments based on ineffective assistance of counsel; we also rejected most of Coleman's sentencing challenges but, noting that the government conceded Coleman should have been placed in criminal history Category I for sentencing purposes, remanded "for resentencing according to his correct Criminal History Category." See United States v. Coleman, 148 F.3d 897, 900-01, 904-05 (8th Cir.), amending 138 F.3d 344 (8th Cir.), cert. denied, 119 S. Ct. 228 (1998).

On remand, the District Court noted that this Court had remanded "for the sole purpose of resentencing Mr. Coleman [to correct] the error in the calculation of his criminal history category," and without considering the merits of any other issues, resentenced Coleman to 19 years and 7 months imprisonment on Counts I and II and five years imprisonment on Count III. On appeal, Coleman argues, as he did before the District Court, that he should have been resentenced de novo.

We disagree. The District Court's decision in this case was based upon this Court's mandate in the previous appeal. The District Court correctly interpreted our prior opinion and properly limited the scope of resentencing in accordance with our instructions. See United States v. Behler, 100 F.3d 632, 635 (8th Cir. 1996) (all issues decided by appellate court become law of case on remand, and sentencing court is bound to proceed within limitations imposed by appellate court). Accordingly, we affirm. This action is without prejudice to Coleman's right to file a petition under 28 U.S.C. § 2255 claiming that his former lawyer failed to provide him with effective assistance of counsel at sentencing before the first appeal. See our opinion on the former appeal, 148 F.3d at 904.

It is so ordered.

A true copy.

Attest:

       CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.