# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3733

_____

United States of America,      *
                               *
            Appellee,          *
                               *    Appeal from the United States
      v.                       *    District Court for the
                               *    Eastern District of Missouri.
George Johnson, also known as George  *    [UNPUBLISHED]
Dewey Johnson,                 *
                               *
            Appellant.         *

_____

Submitted: May 5, 1999
Filed: May 10, 1999

_____

Before McMILLIAN, LOKEN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

George Johnson was convicted of being a felon in possession of firearms and was sentenced as an armed career criminal. See 18 U.S.C. §§ 922(g)(1), 924(e). He appealed, and on the government's motion we remanded for resentencing. United States v. Johnson, No. 98-1006, slip op. (8th Cir. Apr. 17, 1998) (unpublished per curiam). After a hearing, the district court[1] reimposed the original sentence. Johnson again appeals, now arguing that the district court abused its discretion in denying the

_____

[1]The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri.

motion for mistrial he made immediately following a government witness's unsolicited statement that Johnson had "been in prison all his life." Johnson argues that he had stipulated to his status as a previously convicted felon and foregone his right to testify, the witness's statement was clearly prejudicial, and the court's curative instruction was insufficient. The government argues that Johnson waived this issue by not raising it in his first appeal, and alternatively, that the district court did not abuse its discretion in denying a mistrial after striking the testimony as unresponsive and instructing the jury to disregard it.

We agree with the government that Johnson waived this issue. See United States v. Santonelli, 128 F.3d 1233, 1238 (8th Cir. 1997). In any case, Johnson has failed to show that the district court abused its discretion in denying the motion for a mistrial. See United States v. Hall, 1999 WL 170678, at *12 (8th Cir. Mar. 30, 1999).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.