# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2869

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| Carl J. Curtis, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: April 10, 2001

Filed: June 6, 2001

_____

Before WOLLMAN, Chief Judge, MURPHY, Circuit Judge, and CARMAN,[1] Chief Judge.

_____

PER CURIAM.

Carl J. Curtis appeals the conviction entered and the sentence imposed following his plea of guilty to one count of possession with intent to distribute methamphetamine and one count of the illegal possession of a firearm. We affirm the conviction, but we vacate the sentence and remand to the district court for further proceedings.

_____

[1]The Honorable Gregory W. Carman, Chief Judge, United States Court of International Trade, sitting by designation.

**I.**

In January, 2000, a grand jury in the Northern District of Iowa returned a superseding indictment charging Curtis with six counts related to the distribution of illegal drugs. On the second day of his ensuing jury trial, Curtis reached an agreement with the government and pled guilty to one count of possession with intent to distribute methamphetamine within 1,000 feet of a school, a violation of 21 U.S.C. § 841(a)(1) and § 860, and to one count of possession of a firearm by a prohibited person, a violation of 18 U.S.C. § 922. Following the preparation of a Presentence Investigation Report (PSR), the court sentenced Curtis to 120 months of imprisonment, ten years of supervised release, and a $200 special assessment.

On appeal, Curtis argues that his plea was invalid, alleges that he received the ineffective assistance of counsel at sentencing, and contends that the district court improperly calculated his sentence. Additionally, in a pro se supplemental brief, Curtis alleges that the government breached his plea agreement.

**II.**

We first address Curtis's challenge to the validity of his guilty plea. To be valid, a guilty plea must be knowing, intelligent, and voluntary. Boykin v. Alabama, 395 U.S. 238, 242-43 (1969); United States v. Martinez-Cruz, 186 F.3d 1102, 1104 (8th Cir. 1999). Curtis contends that his plea was unintelligent and therefore constitutionally invalid because he was provided with "confusing and incomplete information" regarding the potential sentence on his conviction for possession with intent to distribute methamphetamine. Although the transcript of the plea hearing reflects some discussion of a ten-year statutory minimum sentence, the district court explicitly informed Curtis on at least two separate occasions that he was facing a minimum of five years in prison. On both occasions, Curtis responded by saying that he understood

the minimum sentence. Moreover, in his pro se brief Curtis indicates that he understood the terms of the plea agreement and the potential sentence he was facing. Accordingly, we reject Curtis's contention that his plea was not intelligently entered.

Curtis next contends that he received the ineffective assistance of counsel at sentencing. In light of our holding that Curtis is entitled to be resentenced, this claim may very well be moot. To the extent that it is not moot, it should be raised in a collateral proceeding. See United States v. Hawkins, 78 F.3d 348, 351-52 (8th Cir. 1996); Martinez-Cruz, 186 F.3d at 1105.

Third, Curtis argues that the district court erred in calculating his sentence.[2] The court increased Curtis's base offense level from 28 to 30 pursuant to U.S.S.G. § 2D1.1(b)(1), which provides a two-level increase where "a dangerous weapon (including a firearm) was possessed." Similarly, the court concluded that because Curtis possessed a firearm, he was ineligible for the safety valve provision in U.S.S.G. § 5C1.2.

Curtis concedes that the police located three shotguns and one rifle in a locked gun safe in his residence. He contends, however, that because the guns were unloaded and were used solely for hunting purposes, the district court erred in finding a sufficient nexus between the weapons and the illegal drug activities. We disagree. A district court's finding that a weapon is related to a criminal offense will be overturned only if it is clearly erroneous. Wright v. United States, 113 F.3d 133, 134 (8th Cir. 1997). To sustain a weapons enhancement, the government need only show (1) that the firearm was present, and (2) that it was not clearly improbable that the weapon had a nexus with the criminal activity. United States v. Tyler, 238 F.3d 1036, 1040-41 (8th Cir. 2001); United States v. Bost, 968 F.2d 729, 731-32 (8th Cir. 1992). Here, the district

---

[2]Curtis was sentenced under the version of the United States Sentencing Guidelines in effect on November 1, 1998.

court heard testimony that prescription pills packaged in a manner consistent with resale were located in the safe with the weapons and that methamphetamine had previously been stored in the safe where the guns were located. Accordingly, we cannot say that the court clearly erred in finding a sufficient nexus between the weapons and the crimes.

Finally, Curtis argues, pro se, that the government breached his plea agreement by misrepresenting terms of the deal to the court. Although the government contends that it did not breach the agreement, it concedes that a sentencing error occurred below. Specifically, the parties agree that although Curtis admitted responsibility for 50 grams of a mixture of methamphetamine, the PSR erroneously stated that he had stipulated to 50 grams of actual methamphetamine. Accordingly, when the district court adopted the findings of the PSR, it applied a statutory minimum sentence of ten years of imprisonment, rather than the 5-year statutory minimum applicable to a quantity of 50 grams of methamphetamine mix. See 21 U.S.C. § 841(b)(1)(B).

The record reflects the Assistant United States Attorney and Curtis's counsel failed to bring this error to the court's attention. We therefore review for plain error. "Under plain error review, an error not identified by a contemporaneous objection is grounds for reversal only if the error prejudices the substantial rights of the defendant and would result in a miscarriage of justice if left uncorrected." United States v. Fountain, 83 F.3d 946, 949 (8th Cir. 1996). Here, the district court believed that Curtis was subject to a 120-month statutory minimum sentence. Assuming that the parties have correctly described the terms of the plea agreement and that the PSR has otherwise correctly calculated Curtis's sentence, the district court would have been free to sentence Curtis to as little as 97 months in prison had it not been for the error in the PSR. We thus conclude that Curtis's substantial rights have been affected. See United States v. Comstock, 154 F.3d 845, 850 (8th Cir. 1998) (defendant's "substantial rights were clearly affected because, as he was sentenced, he would end up serving 17 more months in prison than he might have served had he been sentenced absent the

error").  We further believe that such an error seriously affected the fairness of the sentencing proceedings.  Id.

Accordingly, we affirm Curtis's conviction.  We vacate his sentence, however, and remand the case so that the district court may examine the terms of the original plea agreement, recalculate the correct sentencing range under the Guidelines, and then enter whatever sentence it deems appropriate in light of the correct statutory minimum.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.