# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2134

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | * |
| v. | * |
| | * |
| Carl J. Curtis, | * |
| | * |
| Appellant. | * |

_____

No. 02-2380

_____

Appeals from the United States
District Court for the
Southern District of Iowa.

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellant, | * |
| | * |
| v. | * |
| | * |
| Carl J. Curtis, | * |
| | * |
| Appellee. | * |

_____

Submitted: February 11, 2003

Filed: July 15, 2003

_____

Before WOLLMAN, RICHARD S. ARNOLD, and MELLOY, Circuit Judges.
_____

WOLLMAN, Circuit Judge.

Carl J. Curtis pled guilty to one count of possession with intent to distribute methamphetamine within 1,000 feet of a school in violation of 21 U.S.C. §§ 841(a)(1), 860(a), and one count of possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g)(3). Curtis successfully appealed his 120-month sentence and was resentenced to 78 months. Curtis again appeals, arguing that the district court erroneously calculated his base offense level by applying U.S.S.G. § 2D1.2(a)(1) and by failing to exclude drug quantities intended for personal use. In its cross-appeal, the government also challenges the district court's drug quantity finding. We again vacate the sentence and remand to the district court for resentencing.

## I. Background

Curtis was charged with six counts relating to the distribution of illegal drugs. On the second day of trial, Curtis and the government reached a verbal agreement, and Curtis pled guilty to counts three and four of the indictment. The presentence investigation report (PSR) indicated that Curtis admitted responsibility for fifty grams of actual methamphetamine. Adopting this finding, the district court concluded that Curtis was subject to a 10-year statutory minimum term of imprisonment and sentenced him to 120 months. See 21 U.S.C. § 841(b)(1)(A).

In an unpublished opinion, we affirmed Curtis's conviction but vacated his sentence, noting that the government had conceded a sentencing error. United States v. Curtis, No. 00-2869 (8th Cir. June 6, 2001) (per curiam). Both parties agreed that Curtis admitted responsibility for a mixture of methamphetamine, rather than actual methamphetamine, and therefore was subject to a five-year, rather than a ten-year,

minimum sentence. See 21 U.S.C. § 841(b)(1)(B). Although Curtis's counsel had failed to bring this matter to the attention of the district court, we concluded that the error was plain and entitled Curtis to relief. Thus, we remanded the case "so that the district court [could] examine the terms of the original plea agreement, recalculate the correct sentencing range under the Guidelines, and then enter whatever sentence it deem[ed] appropriate in light of the correct statutory minimum." Curtis, slip op. at 5.

On remand, the district court ordered a revised presentence report (RPSR). The RPSR indicated that Curtis was responsible for 8.7 grams of cocaine base, 326.01 grams of powder cocaine, and 226.80 grams of methamphetamine mixture. These amounts were converted to a marijuana equivalent of 692.8 kilograms. Curtis did not object to any specific factual allegations in the RPSR. Instead, he argued that the terms of the plea agreement limited his responsibility to fifty grams of a mixture of methamphetamine. Curtis also argued that he should not be held accountable for quantities held for personal use rather than for distribution. Noting Curtis's failure to challenge any specific portions of the RPSR, the government urged the district court to adopt the RPSR's findings regarding drug quantity.

A sentencing hearing was conducted on April 26, 2002. Neither party presented any evidence. At the conclusion of the hearing, the district court determined that, pursuant to the plea agreement, Curtis admitted responsibility for fifty grams or more of a mixture containing methamphetamine. After finding Curtis responsible for fifty grams, the court turned to U.S.S.G. § 2D1.2(a)(1), which applies to drug offenses occurring near protected locations, and assigned him a base offense level of 28.[1] See also U.S.S.G. 2D1.1(c)(7). The court then made a two-level upward adjustment for possession of a dangerous weapon and a two-level downward

_____

[1]The district court used the November 1, 1998, version of the Guidelines during the initial sentencing proceedings and on remand.

adjustment for acceptance of responsibility, resulting in a total offense level of 28. Id. §§ 2D1.1(b)(1), 3E1.1(a). Combined with Curtis's criminal history category of I, the applicable guideline range was seventy-eight to ninety-seven months in prison. Curtis was sentenced to seventy-eight months' imprisonment on each count, to be served concurrently.

## II. Analysis

### A. U.S.S.G. § 2D1.2(a)(1)

Curtis contends that the law of the case doctrine barred the district court from applying U.S.S.G. § 2D1.2(a)(1) in calculating his base offense level. We review the application of the guidelines de novo. United States v. Barrios-Perez, 317 F.3d 777, 780 (8th Cir. 2003).

During the first sentencing proceedings, the district court applied U.S.S.G. § 2D1.1 in calculating Curtis's base offense level. On remand, the court used § 2D1.2(a)(1), which applies to drug offenses occurring near protected locations and adds two levels to the offense level calculated under § 2D1.1. Curtis contends that because we did not "explicitly instruct" the district court to hold further proceedings "on any issues other than correct drug quantity and applicable mandatory minimum sentences," the law of the case doctrine prevented the court from "re-opening the issue of enhancement for location." We disagree.

On remand for resentencing, "all issues decided by the appellate court become the law of the case, and the sentencing court is bound to proceed within the scope of any limitations imposed . . . by the appellate court." United States v. Stapleton, 316 F.3d 754, 757 (8th Cir. 2003) (quoting United States v. Behler, 100 F.3d 632, 635 (8th Cir. 1996)). In our prior opinion, we did not decide any issues relating to the application of U.S.S.G. § 2D1.2, and we did not establish any restrictions preventing

the district court from considering this guideline. <u>Compare</u> <u>United States v. Santonelli</u>, 128 F.3d 1233, 1237 (8th Cir. 1997) (district court did not err by applying U.S.S.G. § 2D1.2 on remand for resentencing where the limited remand concerned possible "incorrect information" relating to the offense level), <u>with</u> <u>United States v. Coleman</u>, 164 F.3d 1181, 1182 (8th Cir. 1999) (where remand was "for resentencing according to [the defendant's] correct Criminal History Category," district court did not err by refusing to consider the merits of any other issues during resentencing proceedings). To the contrary, we directed the district court to "recalculate the correct sentencing range under the Guidelines." <u>Curtis</u>, slip op. at 5. Curtis does not suggest that the evidence fails to support the application of § 2D1.2(a)(1), and he admitted during his plea hearing that he violated federal drug laws within 1,000 feet of an elementary school. We therefore are satisfied that the district court did not exceed the scope of our remand by applying U.S.S.G. § 2D1.2(a)(1) to calculate Curtis's base offense level. We are also satisfied that Curtis's remaining arguments as to this issue, as set forth in his pro se supplemental reply brief, are without merit.

## B. Drug Quantity

We turn next to the district court's drug quantity calculation. We review this factual finding for clear error and will reverse "only if the entire record definitely and firmly convinces us that a mistake has been made." <u>Barrios-Perez</u>, 317 F.3d at 780 (quotation marks and citations omitted).

As indicated above, the plea agreement between Curtis and the government was not reduced to writing. It appears that the only evidence regarding the terms of this agreement is the plea hearing transcript. During this hearing, the following exchange occurred:

[Prosecutor]: Mr. Curtis, is it true that between April 1st, 1999[,] and August 13th, 1999, sometime between those dates, you obtained methamphetamine from a Troy Childress in Omaha, Nebraska[?]

The Defendant: Yes, sir, it is.

[Prosecutor]: And, sir, is it true that you knew that methamphetamine was an illegal or a controlled substance?

The Defendant: Yes, sir, I did.

[Prosecutor]: And, sir, when you possessed that methamphetamine, did you intend to distribute it or transfer it to some other person besides yourself?

The Defendant: Yes, sir, I did.

[Prosecutor]: And, sir, when you transferred it or possessed it, were you within a thousand feet of Camanche elementary school?

The Defendant: Yes, sir, I was.

[Prosecutor]: And for the purpose of the plea agreement, sir, was the amount of methamphetamine that you possessed over the course of time from Troy Childress greater than 50 grams of a mixture of substance containing methamphetamine?

The Defendant: Yes, sir, it was.

[Prosecutor]: And that would be the government's stipulation, Your Honor.

The Court: And you say as part of the plea agreement, but that will be an amendment to the oral plea agreement; right?

[Prosecutor]: That's correct.

The Court: Is that your understanding, too, [defense counsel]?

[Defense Counsel]: Yes, it is.

(Plea Tr. at 7:15-8:20.) This exchange indicates that the parties had stipulated to a drug quantity of more than fifty grams. Thus, in the absence of other evidence as to the terms of the plea agreement, we must conclude that the district court clearly erred in finding that the "[plea] stipulation was for 50 grams or more of a mixture containing methamphetamine." (Sentencing Tr. of April 26, 2002, at 25:9-13.) Likewise, we conclude that the court clearly erred in holding Curtis responsible for fifty grams, an amount lower than that to which he stipulated.

Curtis suggests that our opinion in his first appeal precluded the district court from finding him responsible for an amount of methamphetamine greater than fifty grams. In vacating Curtis's sentence, we stated that "the parties agree that although Curtis admitted responsibility for 50 grams of a mixture of methamphetamine, the PSR erroneously stated that he had stipulated to 50 grams of actual methamphetamine." Curtis, slip op. at 4. Seizing upon this language, Curtis contends that "[the district court], in finding 50 grams of methamphetamine mixture[,] was simply following the mandate of this Court." Curtis reads far too much into the passage he cites. In Curtis's first appeal, we addressed the district court's error in finding that he had admitted responsibility for an amount of actual methamphetamine, rather than a mixture of methamphetamine. The issue of drug quantity was not before us. Furthermore, at the conclusion of our opinion, we directed the district court to "examine the terms of the original plea agreement" on remand. We see no reason why such an examination would be necessary if our opinion included a finding as to the parties' agreement regarding drug quantity. See also id. (stating that we were "[a]ssuming that the parties [had] correctly described the terms of the plea agreement"). In short, despite Curtis's suggestion to the contrary, there was nothing in our prior mandate prohibiting the district court from finding Curtis responsible for an amount of methamphetamine greater than fifty grams.

Finally, in his pro se supplemental reply brief, Curtis directs us to the following language taken from the conclusion of the government's brief in the first appeal: "For the foregoing reasons, the government would ask this Court to remand solely for the purpose of determining the defendant's proper sentence consistent with 50 grams or more of a mixture substance containing methamphetamine." Curtis suggests that this statement also precludes the government from now arguing that Curtis stipulated to an amount greater than fifty grams, rather than to an amount of fifty grams or more. Having reviewed the government's entire brief, we do not read this statement as a concession regarding the terms of the plea agreement. Rather, it is just one of many

misstatements, on the part of both the parties as well as this court, that have led to the confusion in this case.

For the reasons discussed above, we conclude that the district court erred in its drug-quantity finding. In vacating Curtis's sentence, we note that both Curtis and the government raise additional arguments relating to that finding, arguments that may form the basis for yet another appeal following resentencing. On remand, the district court should make a drug quantity finding that is both consistent with the plea agreement and supported by the record. At the risk of belaboring the obvious, we point out that although Curtis stipulated to having possessed a quantity of drugs greater than fifty grams, it is for the district court to determine how much greater than fifty grams that quantity was. Further, we note the government's concession at oral argument that the district court is not bound to accept the greater drug quantity set forth in the RPSR. Finally, we also note that Curtis is free to raise his personal-use argument on remand.

The sentence is vacated, and the case is again remanded to the district court for resentencing in accordance with the views set forth in this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.