# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

———————

No. 06-3044

———————

United States of America,

      Plaintiff - Appellee,

v.

Dan Kendall,

      Defendant - Appellant.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the Eastern
\*  District of Missouri.
\*
\*
\*

———————

Submitted: January 10, 2007
Filed: February 5, 2007

———————

Before LOKEN, Chief Judge, BYE and SHEPHERD, Circuit Judges.

———————

BYE, Circuit Judge.

Dan Kendall appeals his eighty-four month sentence arguing 1) the district court[1] exceeded the scope of this court's remand, 2) the sentence is unreasonable, and 3) this court should reconsider its holding in United States v. McCall, 439 F.3d 967

---

[1]The Honorable Carol Jackson, Chief Judge, United States District Court for the Eastern District of Missouri.

(8th Cir. 2006) (en banc) (holding a felony conviction for Driving While Intoxicated (DWI) may be a crime of violence).[2]  We affirm.

I

Kendall pleaded guilty to knowingly possessing equipment, chemicals, products, and materials used to manufacture methamphetamine in violation of 21 U.S.C. § 843(a)(6).  He was originally sentenced to eighty-four months imprisonment based on his status as a career offender under U.S. Sentencing Guidelines § 4B1.1. his career offender designation was based on a prior conviction for distribution of methamphetamine and a prior felony conviction for DWI.

Kendall appealed arguing his DWI conviction did not constitute a crime of violence.  While his appeal was pending, the court decided United States v. Walker, 393 F.3d 819 (8th Cir. 2005), and United States v. McCall, 397 F.3d 1028 (8th Cir. 2005), which held DWI was not a crime of violence.  As such, Kendall was not a career offender and his sentence was vacated.  On remand, the district court did not apply § 4B1.1 but varied upward and imposed the same eighty-four month sentence.

Kendall appealed a second time and we vacated the sentence finding the extent of the upward variance was unreasonable.  United States v. Kendall, 446 F.3d 782, 785 (8th Cir. 2006) (Kendall II).  Our opinion noted the court sitting en banc in United States v. McCall, 439 F.3d 967 (8th Cir. 2006), had reversed the panel decisions in Walker and McCall, and held felony DWI was a crime of violence if the offense involved driving.  Kendall II, 446 F.3d at 784 n.1.  We further indicated there was insufficient evidence in the record to determine whether his felony DWI conviction

---

[2]A panel of this court is without authority to reconsider a decision of the en banc court.  Accordingly, Kendall's third claim of error cannot be considered.

would qualify as a crime of violence, but imposed no limits on the district court's authority to reopen the evidentiary record.

On remand, the district court allowed the government to introduce evidence to prove Kendall was driving at the time of his felony DWI offense, thereby establishing it as a crime of violence. The district court found § 4B1.1 applied and resentenced him to eighty-four months.

II

Kendall first argues the district court exceeded the scope of the remand when it allowed the government to present evidence showing his felony DWI conviction qualified as a crime of violence. The government argues the remand did not specifically restrict the district court's ability to consider additional evidence, and therefore, it did not exceed the scope of the remand. The government further argues the district court was instructed to impose a reasonable sentence on remand, and in order to do so was required to properly apply the Guidelines – including § 4B1.1. We agree.

"In federal sentencing, more than one appeal is sometimes required." United States v. Santonelli, 128 F.3d 1233, 1238 (8th Cir. 1997). "Repetitive hearings, followed by additional appeals, [however] waste judicial resources and place additional burdens on parole officers and personnel and on hardworking district and appellate judges." Id. Specific remands should be used to eliminate the need for additional appeals and to "avoid giving the parties additional bites of the litigation apple." Id. at 1238-39. Accordingly, we may remand for resentencing "with instructions to resentence the defendant on the existing record." United States v. Dunlap, 452 F.3d 747, 749 (8th Cir. 2006) (citing United States v. Poor Bear, 359 F.3d 1038, 1043-44 (8th Cir. 2004)).

Conversely, we may choose to remand "without placing any limitations on the district court [in which case it] 'can hear any relevant evidence . . . that it could have heard at the first hearing.'" Id. at 749-50 (quoting United States v. Cornelius, 968 F.2d 703, 705 (8th Cir. 1992) (internal citations and parenthetical omitted)). Ultimately, the scope of a remand must be determined by reference to the analysis contained in the opinion. Santonelli, 128 F.3d at 1237. "On remand for resentencing, all issues decided by the appellate court become the law of the case, and the sentencing court is bound to proceed within the scope of any limitations imposed . . . by the appellate court." United States v. Curtis, 336 F.3d 666, 669 (8th Cir. 2003) (internal quotations and citations omitted).

Here the opinion remanding for resentencing noted there was insufficient information in the record to decide whether Kendall's DWI conviction qualified as a crime of violence. Because the issue was not resolved by this court, the district court was not precluded from considering it. Furthermore, the opinion concluded the eighty-four month sentence was unreasonable and remanded for the imposition of a reasonable sentence. In doing so, we placed no express limitations on the district court's ability to consider evidence relevant to such a determination. We have repeatedly held that the first step in determining a reasonable sentence is to properly calculate the sentencing range under the Guidelines. See United States v. Haack, 403 F.3d 997, 1002-03 (8th Cir.), cert. denied, 126 S. Ct. 276 (2005). In order to calculate the applicable Guideline range, the district court had to determine if § 4B1.1 was applicable, which in turn required the district court to hear additional evidence surrounding the circumstances of Kendall's conviction. Accordingly, the district court's decision to reopen the record did not violate our remand.

Next, Kendall argues the district court erred because the eighty-four month sentence was held unreasonable by our opinion in Kendall II. Again, we disagree.

Our opinion remanding for resentencing did so because the upward variance was not justified by extraordinary circumstances. On remand, the district court did not rely on an upward variance. Instead, it applied § 4B1.1 and sentenced Kendall within the applicable Guideline range. On appeal, he offers nothing to suggest the district court failed to consider a relevant factor which should have received significant weight, gave significant weight to an improper or irrelevant factor, or otherwise committed a clear error of judgment. Haack, 403 F.3d at 1004.

III

The judgment of the district court is affirmed.

_____