# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-4152

_____

United States of America,

Appellee,

v.

Tremayne Scoggins,

Appellant.

\*
\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   Eastern District of Arkansas.
\*
\*   [UNPUBLISHED]
\*

_____

Submitted: February 19, 2008
Filed: March 5, 2008

_____

Before MURPHY, COLLOTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Tremayne Scoggins was found guilty by a jury of conspiring to distribute and possess with intent to distribute more than 5 kilograms of cocaine and more than 50 grams of cocaine base, and using a telephone to facilitate the commission of a drug crime. He appeals the 360-month prison sentence the district court[1] imposed after this court affirmed his conviction and remanded his case for resentencing in light of United States v. Booker, 543 U.S. 220 (2005). Counsel has requested leave to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing

_____

[1]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

that Scoggins's sentence is unreasonable and violates the Eighth Amendment's cruel and unusual punishment clause. In addition, Scoggins raises a multitude of arguments in pro se supplemental briefs. Upon review, we affirm.

To begin, we conclude that the district court correctly determined Scoggins's advisory Guidelines range and did not abuse its discretion in sentencing him below his Guidelines range after appropriately considering the sentencing factors in 18 U.S.C. § 3553(a). See Gall v. United States, 128 S. Ct. 586, 596-97 (2007) (appellate court must review sentence under abuse-of-discretion standard regardless of whether sentence imposed is inside or outside Guidelines range); United States v. Haack, 403 F.3d 997, 1002-03 (8th Cir. 2005) (once sentencing court determines appropriate Guidelines range, it must then consider all other § 3553(a) factors to determine whether to impose Guidelines sentence). We also conclude that counsel's Eighth Amendment argument is without merit. See United States v. Collins, 340 F.3d 672, 680 (8th Cir. 2003) (sentence within statutory range has never been found to be Eighth Amendment violation).

As to Scoggins's pro se arguments, we conclude that there is no basis for his assertions of Booker error. We further conclude that Scoggins was not prejudiced by the sentencing disparity between offenses involving cocaine and cocaine base because he was indicted, convicted, and sentenced for conspiring to distribute and possess 5 kilograms of cocaine--the equivalent of 50 grams of cocaine base for sentencing purposes, see 21 U.S.C. § 841(b)(1)(A)--as well as 50 grams of cocaine base. We do not consider Scoggins's arguments related to the jury's findings, which were outside the scope of this court's limited remand. See United States v. Kendall, 475 F.3d 961, 964 (8th Cir.) (scope-of-remand doctrine limits resentencing court's authority to decide issues; scope of remand determined by analysis contained in opinion), cert. denied, 127 S. Ct. 2954 (2007). We also do not consider Scoggins's claims of ineffective assistance of counsel. See United States v. Hughes, 330 F.3d 1068, 1069 (8th Cir. 2003) (ineffective-assistance claims should ordinarily be brought in 28

U.S.C. § 2255 proceeding because they normally involve facts outside original record).

Finally, having reviewed the record under <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues. Accordingly, we affirm the district court's judgment and grant counsel's request to withdraw on condition that counsel inform appellant about the procedures for filing petitions for rehearing and for certiorari.

_____