# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2556

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Missouri. |
| | * | |
| Carlos R. Brandon, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: July 31, 2009
Filed: August 5, 2009

_____

Before MURPHY, COLLOTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

In 2006, a jury found Carlos Brandon guilty of conspiring to distribute and possess with intent to distribute cocaine base and cocaine (Count 1), possessing cocaine base with intent to distribute (Count 5), and carrying a firearm in relation to a drug-trafficking crime (Count 7). The district court[1] sentenced him to concurrent terms of life in prison on Counts 1 and 5, and a consecutive 5-year term on Count 7. On appeal, this court remanded for resentencing on Count 5. See United States v. Brandon, 521 F.3d 1019, 1027-28 (8th Cir.), cert. denied, 129 S. Ct. 314 (2008). The

_____

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

district court then imposed a sentence of 210 months on Count 5, to be served concurrently with the life sentence on Count 1. Brandon appeals. His counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the sentence is unreasonable.

We consider whether a sentence is unreasonable in light of the 18 U.S.C. § 3553(a) factors. See United States v. Booker, 543 U.S. 220, 261-62 (2005). Noting the limited scope of this appeal, see United States v. Kendall, 475 F.3d 961, 964 (8th Cir. 2007) (scope of remand determined by analysis contained in appellate decision), we hold that Brandon's sentence is not unreasonable. At resentencing, the district court specifically referred to numerous section 3553(a) factors, including the nature and circumstances of the offense, Brandon's extensive criminal history, the options available to the court, and various sentencing goals. See 18 U.S.C. § 3553(a)(1), (2)(A)-(C), (3), (6). Further, the court found that a sentence at the bottom of the Guidelines range was appropriate, and that the applicable range was 210-262 months. We see nothing in the record to suggest that the court failed to consider a relevant factor that should have received significant weight, gave significant weight to an improper or irrelevant factor, or committed a clear error of judgment in weighing appropriate factors. See United States v. Haack, 403 F.3d 997, 1003-04 (8th Cir. 2005); see also United States v. Toothman, 543 F.3d 967, 970 (8th Cir. 2008) (within-Guidelines-range sentence is presumptively reasonable on appeal).

Accordingly, we affirm the judgment of the district court. We also deny the pending pro se motion, and grant counsel's motion to withdraw, subject to counsel informing appellant about procedures for seeking rehearing and filing a petition for certiorari.

_____