United States Court of Appeals

For the Eighth Circuit

_____

No. 16-1020

_____

United States of America

*Plaintiff - Appellee*

v.

Julian Okeayainneh, also known as Julius Inneh, also known as Julian Nosa Inneh,
also known as J.J., also known as Julian Okeaya-Inneh

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted:  September 6, 2016
Filed: September 9, 2016
[Unpublished]

_____

Before RILEY, Chief Judge, MELLOY, and KELLY, Circuit Judges.

_____

PER CURIAM.

Following remand, Julian Okeayainneh directly appeals the amended judgment
entered by the district court,[1] resentencing him to a below-Guidelines-range prison

_____

[1]The Honorable Michael J. Davis, United States District Judge for the District
of Minnesota.

term of 27 years. His counsel has filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), and Okeayainneh has filed a pro se supplemental brief, arguing that his conviction should be vacated on various grounds.

To begin, we decline to consider Okeayainneh's arguments for vacating his conviction because they are beyond the scope of the remand. <u>See</u> <u>United States v. Kendall</u>, 475 F.3d 961, 963-64 (8th Cir. 2007) (scope of remand must be determined by reference to analysis in appellate court's opinion; all issues decided by appellate court become law of case).

We conclude that the district court followed our instructions on remand by removing the 2-level obstruction-of-justice enhancement from Okeayainneh's Guidelines calculations, which ultimately resulted in a total offense level of 43. <u>See</u> U.S.S.G. Ch. 5, Pt. A (sentencing table), comment. (n.2) (offense level of more than 43 is to be treated as offense level of 43). We further conclude that Okeayainneh's 27-year prison term is substantively reasonable. <u>See</u> <u>United States v. McCauley</u>, 715 F.3d 1119, 1127 (8th Cir. 2013) (noting that when district court has varied below Guidelines range, "it is nearly inconceivable that the court abused its discretion in not varying downward still further" (quotation omitted)). In addition, we have independently reviewed the record under <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), and have found no nonfrivolous issues for appeal. Accordingly, we affirm.

_____