Nos. 95-2631, 95-2650, and 95-3869

United States of America,             *
                                      *
     Plaintiff-Appellee/          *
     Cross-Appellant,             *
                                      *   Appeals from the United States
     v.                           *   District Court for the
                                      *   District of South Dakota.
Nancy Ruth Iversen,                   *
                                      *
     Defendant-Appellant/         *
     Cross-Appellee.              *

Submitted:  June 11, 1996

Filed:  July 25, 1996

Before BOWMAN, LAY, and LOKEN, Circuit Judges.

LAY, Circuit Judge.

Background

Nancy Ruth Iversen, a fee collection officer for the Badlands National Park Service, was found guilty of theft and embezzlement of public monies in violation of 18 U.S.C. § 641. The evidence at trial showed Iversen took money she had collected as fees and later paid in cash for her law school tuition. Iversen claimed the money was taken by a robber. The district court, the Honorable Lawrence L. Piersol, sentenced Iversen to four years probation, a $1,000 fine, a $50 special assessment, and $9,695.50 in restitution to the Badlands National Park Service. The district court denied the government's request for a two-level enhancement for obstruction of justice.[1] As special conditions of probation, the court placed

---

[1]Under the Sentencing Guidelines, her offense level was eight and she had no criminal history. Her guidelines sentence was thus zero to six months imprisonment and two to three years supervised release--within Zone A of the Sentencing Table.

Iversen in home deten
and at the direction of the probation officer, the defendant shall undergo

Less than three weeks after sentencing, Iversen was issued a citation
her with shoplifting at a grocery store.  The probation officer
directed Iversen to report to the U.S. Probation Office in Rapid
South Dakota on September 5, 1995, for placement in a communit
corrections facility for formal psychological evaluation.  Iversen failed
appear in Rapid City and later notified the district court she had move
to                                                                        r
probation due to her shoplifting offense, her failure to appear as directed
Rapid City, and her departure to Michigan without permission.  The cour
revoked her probation, sentencing her to six months imprisonment and three
supervised release, the maximum penalty available for Iversen'
underlying theft and embezzlement offense.
fines and restitution imposed in the court's initial judgment.

In No. 95-2631, Iversen appeals her
probation.  In No. 95-2650, the government cross-appeals Iversen'
sentence.                                                                 r
probation.  We have consolidated the appeals and affirm the district court.

---

Iversen contends her trial counsel was not effective because h
failed  t                                                                 f
Iversen's                          preserve Iversen's rights to
a speedy trial.  We decline to address Iversen's

ineffective assistance claim on direct appeal because no factual record has been developed on her claims. Thus, we dismiss this claim without prejudice to Iversen's right to bring a motion for relief under 28 U.S.C. § 2255. See United States v. Petty, 1 F.3d 695, 695-96 (8th Cir. 1993).

Government Agent at Counsel Table

Iversen contends she was prejudiced by the testimony of a government agent who sat at the U.S. Attorney's counsel table and consulted with the U.S. Attorney during the trial. Iversen asserts the district court would have disallowed this testimony, or excluded the agent from the court during the trial, if the court had known of the agent's allegedly false testimony before the grand jury and an alleged incident of hostility by the U.S. Attorney toward Iversen's brother during the trial. On the current record, we find no abuse of discretion in the district court's decision to allow the testimony and the agent's presence at the counsel table during the trial. See Fed. R. Evid. 615(2); United States v. Sykes, 977 F.2d 1242, 1245 (8th Cir. 1992).[2]

Perjury

The government cross-appeals the district court's refusal to enhance Iversen's sentence for obstruction of justice under the Sentencing Guidelines. The government argues Iversen committed perjury by testifying she had been robbed at the ranger station. Both the jury and the judge rejected her testimony. Thus, the government urges, Iversen's sentence was required to be enhanced. See U.S.S.G. § 3C1.1 & cmt. (n.3(b)) (Nov. 1994) (obstruction of justice includes perjury by defendant). On the other hand, Iversen

---

[2]To the extent Iversen believes her trial counsel waived certain arguments by failing to develop the record below, her ability to bring that claim in a motion under 28 U.S.C. § 2255 is not prejudiced by our decision.

argues the district court's refusal to find perjury, under th
preponderance                                                          s
under the Sentencing
convict h                                                              h
parties' arguments.


                              3C1.1 provides: "This provision
is not intended to punish a defendant for the ex
right. . .                                                            e
testim  or statements by the defendant, such testimony or statements
                              the defendant." U.S.S.G.
§ 3C1.1, cmt. (n.1). As this court has explaine
be                                                    t
could find the testimony true.'"  _____ v. Patel, 32 F.3d 340, 345
                     United States v. Willis, 940 F.2d 1136, 1140 (8th
     1991), _____, 507 U.S. 971 (1993)). The district court
               e standards and found that although neither the jury
nor   ourt believed Iversen in this case, a reasonable trier of fact
     have believed her testimony. Sent. Tr. at 10. Furthermore, the
       Court has emphasized the enhancement should be applied only when
     district court has made a "separate and clear finding" as to each
       t of perjury, i.e., that the defendant "gives false testimon
concerning                                                    e
testimony, rather than as a result of confusion, mistake or faulty memory."
     _____ States v. Dunnigan                     See also ____ d
Stat   v. Patino-Rojas, 974 F.2d 94, 96 (8th Cir. 1992) (per curiam
(enhancement proper when district court makes
based                                                         s
testimony"                         cert. denied, 507
district court made no such findings
required.


     We also reject Iversen's contention that the district court's

failure to find perjury entitles her to judgment as a matter of law.  The fact that a reasonable trier of fact could have believed Iversen's testimony does not mean that other reasonable triers of fact, including the jury and the judge in this case, were not free to disbelieve her.  Further, as Dunnigan makes clear, there are a number of reasons a trial court could decline to impose the enhancement on a defendant whom the court nonetheless disbelieves.  Thus, we find the evidence is sufficient such that a reasonable jury could disbelieve Iversen, and convict her, but does not mandate the imposition of an enhancement for obstruction of justice under the Sentencing Guidelines.

Conditions of Probation

Iversen argues the district court erred by imposing home detention and by authorizing psychiatric or psychological treatment as special conditions of her probation.  Iversen did not object to these conditions at the time of sentencing and thus we review for plain error or miscarriage of justice.  See United States v. Marsanico, 61 F.3d 666, 668 (8th Cir. 1995).

We find the imposition of home detention as a condition of probation was not plain error.  Contrary to Iversen's contentions, home detention is expressly authorized for offenses within Zone A of the Sentencing Table by the guidelines commentary.  See U.S.S.G. § 5B1.1, cmt. (n.1(a)) ("Where the applicable guideline range is in Zone A of the Sentencing Table . . . a condition requiring a period of community confinement, home detention, or intermittent confinement may be imposed but is not required." (emphasis omitted)).[3]  Further, the fact that home detention may be imposed

---

[3]Iversen argues that sentences for offenses within Zone A of the Sentencing Table may not include home detention because U.S.S.G. § 5B1.1(a)(2) provides for sentences of probation including home detention only for Zone B offenses.  Iversen misreads this provision of the guidelines.

First, § 5B1.1(a)(1) authorizes sentences of probation for Zone A offenses; it is silent as to whether home detention may be a condition of probation for Zone A offenses.  As we have noted, however, Application Note 1 expressly provides for home detention as a condition of probation for Zone A offenses.  See U.S.S.G.

-5-

"only as _____ for imprisonment[,]" ___ U.S.S.G. § 5F1.2 (emphasis adde _see also_ (providing for home detention "only as an alternative to incarceration"),
is _a form of_ ment which cannot be coupled with probation under 18 U.S.C. 3561(a)(3). _Cf._ _Reno v. Koray_, 115 S. Ct. 2021, 2025 (1995 (admission n
within meaning of 18 U.S.C. § 3585(b)); _United States v. Blumberg_ d
787, 792 (8th Cir. 19
within the meaning of 18 U.S.C.
in the imposition of home detention as a condition of Iversen's probation.

he district court's order giving prob officers the authority to order psychiatric or psychological ent as a special condition of probation. Iversen argues thi condition e
and "the history and characteristics of the defendant" under U.S.S.G. § 5B1.3(b)(1), nor
in acc e
Reform Act

-----

in the Sentencing Guidelines are binding unless contradicted by the
_See_ _____
_v. United States_, 508 U.S. 36, 37-38 (1993).

sentences of probation for Zone B offenses only if the probatio includes home detention, community confinement, or intermitten confinement. This provision _requires_ eration
for t
whether sentences of probation
include home detention.

[4] April 1996 amendment, this provision appeared at

of 1984, 18 U.S.C. §§ 4241-47.  We disagree.

The presentence report (PSR) said Iversen's family and friends had expressed concerns as to the "emotional toll" on Iversen from various legal disputes, including this prosecution, and Iversen is reported as saying that the conviction felt "like the end of her life as she knows it."  PSR at 7.  Furthermore, the procedural requirements of the Insanity Defense Reform Act on which Iversen relies--such as the requirement of a hearing under 18 U.S.C. § 4244(a) as to the present mental condition of a convicted defendant if "there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect for the treatment of which he is in need of custody for care or treatment in a suitable facility"--apply to convicted persons committed to the custody of the Bureau of Prisons, not persons placed on probation.  See, e.g., 18 U.S.C. § 4244(d) (court may order defendant's hospitalization "in lieu of being sentenced to imprisonment").  Conditions of probation are governed by 18 U.S.C. § 3563, which expressly authorizes "medical, psychiatric, or psychological treatment" as a condition of probation if the "deprivations of liberty or property" involved in such condition are "reasonably necessary" to protect the public from future crimes by the defendant or to provide the defendant with needed medical care.  See 18 U.S.C. § 3563(b)(9);[5] see also U.S.S.G. § 5B1.4(b)(24) ("If the court has reason to believe that the defendant is in need of psychological or psychiatric treatment, it is recommended that the court impose a condition requiring that the defendant participate in a mental health program approved by the United States Probation Office.").  It was not plain error for the district court to find that the deprivations of liberty involved in psychological treatment, ordered at the probation officer's discretion, were reasonably necessary to protect the public and to provide Iversen with needed medical treatment under the

---

[5]Prior to an April 1996 amendment, this provision appeared at 18 U.S.C. § 3563(b)(10).

circumstances of this case.

Revocation of Probation

Iversen contends the district court erred by revoking her probation and by sentencing her to six months imprisonment upon the revocation of her probation. Iversen first argues that her sentence of probation could not be revoked, and that the district court lacked jurisdiction to revoke her probation, because the sentence of probation was illegal in the first place. Having already found that Iversen was properly sentenced to probation, including home detention, we reject this argument.

Second, Iversen argues that the evidence on which the district court relied in revoking her probation was uncorroborated and unreliable and that the failure of the prosecution to produce the video tape of her shoplifting offense effectively denied her the opportunity to challenge evidence presented against her. We reject this argument. Iversen admitted violating her probation by failing to appear for psychological evaluation in Rapid City, as directed by the probation officer, and by moving to Michigan without first obtaining the probation officer's approval. If Iversen thought the probation officer's directive that she appear for psychological evaluation violated her rights, as she now contends, it was incumbent upon Iversen to seek judicial relief from that order rather than flee from the probation officer's authority. Furthermore, a security official from the grocery store testified in detail about Iversen's shoplifting. Iversen's counsel had the opportunity to cross-examine this witness. We find that Iversen's rights to defend herself were protected in this process and that the evidence is more than sufficient to establish Iversen's violations of her probation.

Third, Iversen contends she should have received credit from the district court for the three months she spent in home

detention. We find, however, that the district court did not have the authority under 18 U.S.C. § 3585(b) to credit Iversen for the time spent in home detention for the prior sentence, and that this claim should have been presented first to the Bureau of Prisons. See United States v. Wilson, 503 U.S. 329, 333-34 (1992); United States v. Moore, 978 F.2d 1029, 1031 (8th Cir. 1992).

Fourth, Iversen contends that the maximum sentence for imprisonment she could receive upon violating the terms of her probation was three months imprisonment. Iversen's theory is that at the time of initial sentencing, she could not have been sentenced to six months imprisonment and three months home detention, and thus her sentence upon the revocation of probation exceeds the maximum available at the time of initial sentencing.

It appears to be true that at the original sentencing, if the district court had decided to impose a period of incarceration as well as three months home detention as a condition of supervised release, Iversen's term of imprisonment would have been limited to three months. Cf. U.S.S.G. § 5C1.1(c)(2), (e) (calculating length of imprisonment term when home detention is a condition of supervised release for Zone B offenses). Nonetheless, after revoking Iversen's probation, the district court was required to "resentence the defendant under subchapter A." See 18 U.S.C. § 3565(a)(2). Subchapter A, inter alia, generally requires the court to sentence defendants in accordance with the Sentencing Guidelines. See 18 U.S.C. § 3553(b); United States v. Von Washington, 915 F.2d 390, 391 (8th Cir. 1990) (per curiam). Chapter 7 of the Sentencing Guidelines states that a court may "revoke probation and impose any other sentence that initially could have been imposed." U.S.S.G. ch. 7, pt. A(2)(a).[6]

_____

[6]This statement is similar to an earlier statute governing revocation of probations which empowered the district court to "revoke the sentence of probation and impose any other sentence that was available under subchapter A at the time of the initial sentencing." See, e.g., 18 U.S.C. § 3565(a)(2) (1988). This statute was amended in 1994 and now provides district courts with the power to "revoke the sentence of probation and resentence the defendant under subchapter A." See 18 U.S.C.A. § 3565(a)(2) (West Supp. 1996). We agree with other courts which have recognized that the amendment does not alter the district court's power to sentence

Applying

---

a probation violator within the range of sentences available at the time of the initial sentence. <u>See, e.g.</u>, <u>United States v. Plunkett</u>, 74 F.3d 938, 940 (9th Cir. 1996).

this principle to this case, we find that the sentence imposed after Iversen violated her probation--six months imprisonment plus three years supervised release--was within the range of sentences available at the time of initial sentencing.  The fact that she had already served three months home detention as a condition of probation did not limit the maximum sentence available to the district court in sentencing Iversen after revocation of her probation.  Cf. U.S.S.G. § 7B1.5(a), p.s. ("Upon revocation of probation, no credit shall be given (toward any sentence of imprisonment imposed) for any portion of the term of probation served prior to revocation.").

Finally, Iversen argues the district court denied her right of allocution at the time of sentencing upon revocation of her probation.  See Green v. United States, 365 U.S. 301 (1961); United States v. Walker, 896 F.2d 295, 300-01 (8th Cir. 1990); Fed. R. Crim. P. 32(c)(3)(C) (1995); see also Hill v. United States, 368 U.S. 424, 428 (1962) (no constitutional right to be advised by district court of right to speak).  Whether Rule 32's right of allocution applies to sentencing upon the revocation of probation is an unsettled question in this circuit.  See generally United States v. Carper, 24 F.3d 1157, 1158-62 (9th Cir. 1994) (discussing conflicting authorities on the right of allocution after revocation of probation or supervised release).  Nonetheless, assuming Iversen had a right of allocution at sentencing upon revocation of her probation, we find that her right was satisfied.  Iversen had previously been informed of her right of allocution.  At the sentencing hearing after the revocation of her probation, the district court asked Iversen's counsel if she had any evidence to

present.  Iversen testified extensively about the alleged violations of her probation, her preference for imprisonment in lieu of continuing probation, and her belief that the district court lacked jurisdiction to revoke her probation.  Sent. Tr. 17-46.  Following this testimony, the district court asked if "the defense" knew of any reason why a sentence should not be imposed.  Id. at 51.  The district court was given and read an unsigned five-page document entitled "Defendant's Written Statement For Supplemental Report Concerning Violations of Probation" apparently written by Iversen. Id. at 51-52.  The district court did not prevent, harass, or hurry any effort on the part of Iversen or her counsel to speak.  Iversen's views on sentencing were fully known.  Although the district court should have made clear that it was asking Iversen personally if she had anything further to say on her own behalf or in mitigation of her sentence, we think it is clear from the course of the hearing that Iversen "knew [she] had a right to speak on any subject of [her] choosing prior to the imposition of sentence[,]" and actually availed herself of that right.  See United States v. De Alba Pagan, 33 F.3d 125, 129 (1st Cir. 1994).  Under the unique circumstances of this case, we find that Iversen's right of allocution was satisfied.

Iversen raises other arguments which we find to be without merit. For the foregoing reasons, the judgments are AFFIRMED.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.