United States Court of Appeals
FOR THE EIGHTH CIRCUIT

_____

Nos. 97-2216/2218
_____

United States of America,  * 
                           *
            Appellee,      *
                           *   Appeals from the United States
      v.                   *   District Court for the
                           *   Western District of Missouri.
Ronald A. Patterson,       *        [PUBLISHED]
                           *
            Appellant.     *

_____

Submitted: November 4, 1997
    Filed: November 13, 1997

_____

Before FAGG, BOWMAN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Ronald A. Patterson appeals the sentence imposed on him by the district court following the revocation of his supervised release.  Because we believe that Patterson had a right to be afforded an opportunity for allocution prior to the imposition of sentence, and that the court's failure to provide him with this opportunity was not harmless error, we vacate Patterson's sentence and remand for resentencing.

In 1989, Patterson pleaded guilty to possessing 500 or more grams of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B); and to failing to appear for a court proceeding, in violation of 18 U.S.C. §§ 3146(a)(1),

(b)(A)(i), and 2. The district court sentenced Patterson to a total of 88 months imprisonment and five years supervised release.

Patterson began serving his supervised-release term in November 1995, and in April 1997, the district court issued an arrest warrant against Patterson for allegedly violating conditions of his supervised release. At Patterson's revocation hearing--after Patterson stipulated that he had possessed controlled substances, knowing it was a violation of his supervised release conditions--the court departed upward from the suggested Guidelines range, and imposed concurrent sentences of 36 months imprisonment on the drug count and 24 months imprisonment on the failure-to-appear count. The court stated the upward departure was appropriate because Patterson had "chosen to reinvolve [himself] with the possession of and activity in relation to controlled substances" and society needed protection from "further criminal activity of this type from you." When defense counsel objected to the lack of advance notice of the court's intention to depart upward, the court allowed counsel to respond to the enhanced sentence, but then reimposed the 36- and 24-month sentences, referring again to Patterson's relapse into "activity involving controlled substances."

On appeal, Patterson argues reversal is required because the district court failed to grant him allocution prior to imposing sentence upon him, in violation of Federal Rule of Criminal Procedure 32 and due process. The government maintains that the court's omission was inadvertent and that any error was harmless.

We have previously noted that it is an unsettled question in this circuit "[w]hether Rule 32's right of allocution applies to sentencing" in probation-revocation proceedings. See United States v. Iversen, 90 F.3d 1340, 1345-46 (8th Cir. 1996). In Iversen, we did not reach the issue, because we determined that the right of allocution was satisfied as the defendant had testified extensively at the probation-revocation hearing and her "views on sentencing were fully known." Id. Unlike the defendant in Iversen, however, Patterson did not testify at his revocation hearing. Thus, contrary to

the government's suggestion, we conclude that this case squarely presents the issue of whether a right of allocution exists in revocation-of-supervised-release hearings.

Initially, we recognize the right of allocution is not a constitutional one. See Hill v. United States, 368 U.S. 424, 428 (1962) (district court's failure to ask counseled defendant whether he has anything to say before imposition of sentence is not constitutional error). Rather, the right of allocution derives from the Federal Rules of Criminal Procedure. The rule governing "Sentence and Judgment," Rule 32(c)(3)(C), requires district courts, before imposing sentence, to "address the defendant personally and determine whether the defendant wishes to make a statement and to present any information in mitigation of the sentence." The rule governing hearings on revocation of probation or supervised release, Federal Rule of Criminal Procedure 32.1(a)(2), provides the following rights: written notice of the alleged violation; disclosure of incriminating evidence; an opportunity to appear and present evidence, and to question adverse witnesses; and notice of the right to be represented by counsel.

While Rule 32.1 does not specifically delineate a right of allocution, or otherwise address imposition of sentence following revocation of supervised release, Rule 32 is not expressly limited to sentencing immediately following conviction. We agree with the Ninth Circuit that Rules 32 and 32.1 are "complementing rather than conflicting," and that Rule 32 applies to sentencing upon revocation of supervised release when the court imposes a new sentence based on conduct that occurred during supervised release. See United States v. Carper, 24 F.3d 1157, 1159-60, 1162 (9th Cir. 1994) (rejecting argument that defendant was entitled only to Rule 32.1 procedures, as Rule 32 governs decision of what sentence to impose and Rule 32.1 governs decision whether to revoke supervised release; concluding district court therefore erred by

failing to address defendant personally to determine if he wished to speak on his behalf before sentence was imposed).[1]

We also conclude that deprivation of the right of allocution was not harmless error under Federal Rule of Criminal Procedure 52(a) (any error or defect which does not affect substantial rights shall be disregarded). See Carper, 24 F.3d at 1162 (concluding district court's failure to afford defendant his right of allocution was not harmless error, because court had discretion to impose sentence shorter than one selected). In support of its argument that only harmless error occurred, the government notes that defense counsel argued against the upward departure. In discussing a prior version of Rule 32, however, the Supreme Court recognized that a defendant--not merely defendant's counsel--must be afforded an opportunity personally to address the court prior to sentencing, see Green v. United States, 365 U.S. 301, 303-04 (1961) ("The most persuasive counsel may not be able to speak for a defendant as the defendant might, with halting eloquence, speak for himself"); Barnes, 948 F.2d at 328 (noting Green holding was later codified into Rule 32), and we have previously suggested that the failure to comply with Rule 32's requirement of affording a defendant the right of allocution constitutes reversible error per se which mandates a remand for resentencing, see United States v. Walker, 896 F.2d 295, 301 (8th Cir. 1990) (harmless error review not conducted).

---

[1]Furthermore, our holding today is consistent with the Fifth and Seventh Circuits which have vacated sentences imposed following the revocation of probation when the defendant was not afforded the right of allocution prior to the imposition of sentence. See United States v. Barnes, 948 F.2d 325, 329, 331-32 (7th Cir. 1991) (defendant had originally received suspended sentence and probation; holding Rule 32 places burden on court to inquire whether defendant wishes to speak in probation-revocation proceeding); United States v. Turner, 741 F.2d 696, 696-97, 699 (5th Cir. 1984) (defendant originally had received deferred sentence and probation). But see United States v. Coffey, 871 F.2d 39, 41 (6th Cir. 1989) (holding allocution is not required before resentencing after probation revocation, where defendant was originally sentenced to custody to be followed by probation).

Accordingly, we vacate Patterson's sentence and remand for resentencing.[2]

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[2]We do not reach the merits of Patterson's claim that the district court relied on materially false information in determining his sentence, because he raises it for the first time on appeal. See United States v. Williams, 994 F.2d 1287, 1294 (8th Cir. 1993) (to preserve issue for appeal, defendant must timely object and clearly state grounds for objection so that trial court has opportunity to prevent or correct error).