# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

———————

No. 98-1496

———————

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| Akim Hassan L. Sharpe, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

———————

Submitted: July 6, 1998

Filed: July 9, 1998

———————

Before WOLLMAN, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

———————

PER CURIAM.

In 1996, Akim Hassan L. Sharpe pleaded guilty to possessing stolen mail, in violation of 18 U.S.C. § 1708, and was sentenced to three years' probation. After Sharpe had served approximately 21 months of his sentence, the district court[1] granted the government's motion to revoke Sharpe's probation based on numerous violations of his supervision conditions. The court sentenced Sharpe to four months'

———————

[1]The Honorable Elsijane Trimble Roy, United States District Judge for the Eastern District of Arkansas.

imprisonment and three years' supervised release. Sharpe now challenges his revocation sentence, arguing that the district court should have credited him for the 21 months of his probation sentence that he had already served. We disagree.

When a district court finds that a defendant has violated a condition of his probation, the court may revoke probation and impose any other sentence that could have been imposed initially. See 18 U.S.C. § 3565(a); U.S. Sentencing Guidelines Manual Ch. 7, Pt. A, intro. 2(a) (1997); United States v. Iversen, 90 F.3d 1340, 1345 (8th Cir. 1996) (upon revocation of probation, district court may sentence defendant within range of sentences available at time of initial sentencing). In doing so, the district court may not credit a defendant "for any portion of the term of probation served prior to revocation." See U.S. Sentencing Guidelines Manual § 7B1.5(a), p.s. (1997). Thus, we conclude that the revocation sentence was proper. See 18 U.S.C. §§ 1708, 3559(a)(4), 3583(b)(2); U.S. Sentencing Guidelines Manual § 7B1.4(a), p.s. (1997).

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.