# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-4087

_____

United States of America,

         Appellee,

v.

Juvenile D. T.,

         Appellant.

\*
\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   District of South Dakota.
\*
\*   [UNPUBLISHED]
\*

_____

Submitted: November 8, 2000
Filed: November 14, 2000

_____

Before RICHARD S. ARNOLD, HANSEN, and BYE, Circuit Judges.

_____

PER CURIAM.

At the age of 15, Juvenile D.T. committed the crime of assault resulting in serious bodily injury, in violation of 18 U.S.C. § 113(a)(6); the presentence report calculated that, if he were sentenced as an adult, his Guidelines imprisonment range would be 30-37 months. D.T. was placed on probation until the age of 21, with a condition that he be committed to community corrections placement at a youth center for 27 months. Because of subsequent criminal behavior, D.T. spent 10 more months in a juvenile center. D.T. was arrested again in July 1999, and the probation officer

petitioned for revocation. After D.T. admitted the charged violations, the district court[1] revoked his probation and sentenced him to imprisonment until the age of 21 (approximately 18 months from the date of sentencing). D.T. appeals, arguing that the district court departed upward from the recommended 3-to-9-month imprisonment range, see U.S.S.G. § 7B1.4(a); his sentence was longer than that which a similarly situated adult would have received upon revocation of probation; and the district court should not have imposed a prison term which, combined with the time he had served in juvenile corrections centers, exceeded the prison term that originally could have been imposed.

When revoking a juvenile defendant's sentence of probation, district courts have authority to resentence the juvenile to a term of imprisonment, but the term may not exceed the maximum term a similarly situated adult convicted of the same offense could receive under the Guidelines. See 18 U.S.C. §§ 3565(a)(2), 5037(a); United States v. R.L.C., 503 U.S. 291, 306-07 (1992). We conclude the district court did not err in sentencing D.T. to 18 months imprisonment, as the court could have imposed this sentence on an adult. See United States v. Iversen, 90 F.3d 1340, 1345 (8th Cir. 1996) (district court not limited by adult defendant's prior detention when revoking probation and resentencing defendant to imprisonment); United States v. Shaw, 180 F.3d 920, 922 (8th Cir. 1999) (per curiam) (departure analysis does not apply to sentences in excess of Chapter 7 advisory recommendations, as Guidelines policy statements are not binding on district courts). Accordingly, we affirm.

---

[1]The Honorable Richard H. Battey, United States District Judge for the District of South Dakota.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.