# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1913

_____

United States of America,        *

                           *

            Appellee,       *     Appeal from the United States

                           *     District Court for the Eastern

      v.                     *     District of Arkansas.

                           *

Dan Moriell Caffey, Jr.,       *       [PUBLISHED]

                           *

           Appellant.      *

_____

Submitted:   October 2, 2003

Filed:   December 8, 2003

_____

Before WOLLMAN, FAGG and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

While serving a term of supervised release for a federal crime, Dan Moriell Caffey, Jr., committed a state crime, pleaded guilty, and was sentenced to imprisonment for sixty months. The Government filed a petition for revocation of Caffey's supervised release. Caffey appeared with counsel and admitted the petition's allegations. The district court sentenced Caffey to twenty-one months in prison.

Caffey appeals his sentence raising several meritless issues. First, Caffey's admission of the allegations in the Government's petition were sufficient for

revocation of Caffey's supervised release. Next, Caffey's sentence fell within the recommended Guidelines range and statutory limits. Further, Caffey was represented by counsel at all critical stages of the proceedings, and the proceedings satisfied the requirements of Federal Rule of Criminal Procedure 32.1(a)(2). Also, the district court properly scheduled restitution payments, and lawfully imposed an additional year of supervised release to follow Caffey's prison term. Before imposing Caffey's sentence, however, the district court failed to give Caffey an opportunity to speak on his own behalf as required by the Federal Rules of Criminal Procedure. See United States v. Patterson, 128 F.3d 1259, 1260-61 (8th Cir. 1997) (per curiam) (Rule 32's right of allocution applies to sentencing on revocation of supervised release when court imposes new sentence based on conduct that occurred during supervised release). The failure to give a defendant the right of allocution "is clearly error and must be reversed." United States v. Washington, 255 F.3d 483, 487 (8th Cir. 2001).

Accordingly, we reverse and remand for resentencing following allocution.

_____