# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2547

_____

United States of America,

        Appellee,

v.

Randy Steven Boose,

        Appellant.

\*
\*
\*
\*
\*   Appeal from the United
\*   States District Court for the
\*   Northern District of Iowa.
\*
\*
\*

_____

Submitted: December 14, 2004
Filed: April 13, 2005

_____

Before MORRIS SHEPPARD ARNOLD, BEAM, and RILEY, Circuit Judges.

_____

PER CURIAM.

Randy Boose pleaded guilty to one count of conspiring to distribute 500 grams or more of methamphetamine, having previously been convicted of one or more felony drug offenses, *see* 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846, 851. The district court[1] then sentenced him to 270 months in prison. He argues that the district court failed to give him his right to allocution before sentencing him.

_____

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

Federal Rule of Criminal Procedure 32(i)(4)(A)(ii) states that "[b]efore imposing sentence, the court must ... address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence." Mr. Boose relies on *United States v. Patterson*, 128 F.3d 1259, 1261 (8th Cir. 1997), for the principle that denying a defendant the right to allocution warrants reversal. But the difficulty with Mr. Boose's argument is that he was not denied his right to allocution. Although the court indicated its intention to impose a 270-month sentence, no sentence was imposed until after giving Mr. Boose the opportunity to speak:

> THE COURT:  All right.  Mr. Boose, I'll be happy to hear from you as to what you feel you'd like to say.  You're not required to speak, but I'm certainly willing to listen.

> THE DEFENDANT: No, ma'am.

The court did not state that Mr. Boose's comments would have no effect, but assured him that it would listen to what he had to say.  Mr. Boose declined the offer. The district judge then imposed Mr. Boose's sentence, stating that "it is the judgment of this court that Randy Boose is hereby committed to the custody of the Bureau of Prisons ... for 270 months." *Cf. United States v. Williams*, 109 F.3d 502, 513 (8th Cir. 1997), *cert. denied*, 522 U.S. 917 (1997).  For the reasons stated, we affirm the district court's judgment.

_____