# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2076

_____

United States of America,                    *
                                             *
            Appellee,                        *
                                             *
      v.                                      *   Appeal from the United States
                                             *   District Court for the
Halena E. Griggs,                            *   Western District of Missouri.
                                             *
            Appellant.                        *

_____

Submitted: November 15, 2005
Filed: December 21, 2005

_____

Before MURPHY, McMILLIAN, and GRUENDER, Circuit Judges.

_____

McMILLIAN, Circuit Judge.

Halena E. Griggs appeals from a judgment entered in the District Court for the Western District of Arkansas revoking her probation and imposing a 12-month sentence of imprisonment. For reversal, Griggs argues that the district court failed to provide her with an opportunity for allocution at a probation revocation hearing and abused its discretion in sentencing her to 12 months imprisonment. We affirm.[1]

---

[1]We grant the government's motion to supplement the record with three probation violation reports and the transcript of a February 17, 2005, probation revocation hearing.

**BACKGROUND**

In August 2004, Griggs, a former postal worker who had submitted false travel claims for reimbursement, pled guilty to theft of government money under $1000, in violation of 18 U.S.C. § 641. The presentence report (PSR) calculated the total offense level as 6 and a criminal history category of I, resulting in a sentencing range of 0 to 6 months. The PSR also noted that Griggs had admitted using cocaine while on bond.

The district court sentenced Griggs to 3 years probation. A standard condition of supervision prohibited Griggs from using controlled substances and a special condition required her to participate in an out-patient substance abuse treatment program. After her probation officer reported that Griggs had admitted to using cocaine, the special condition was modified to require that Griggs participate in an in-patient substance abuse treatment program. Griggs entered an in-patient program on November 24, 2004, and was discharged on December 15, 2004, with required follow-up in an out-patient treatment program.

On January 10, 2005, Griggs's probation officer filed a violation report, asserting that Griggs had failed to attend out-patient treatment sessions, failed to submit to drug testing, and had admitted using cocaine. Pursuant to a probation violation warrant, Griggs was arrested and held in custody until February 17, 2005, when the district court held a probation revocation hearing.

At the February 17, 2005, revocation hearing, Griggs stipulated to the accuracy of the January 10 violation report and to a supplemental violation report asserting that she had not submitted to required drug testing since December 23, 2004. After the district court expressed concern about the effect of Griggs's drug use on her children, Griggs told the district court that she did not use drugs in front of the children. The district court then asked for the parties' recommendations. The government requested

that the district court revoke Griggs's probation and sentence her to one year imprisonment. Griggs's counsel requested that the district court give Griggs "one last chance" by continuing her probation. The district court responded that it had given Griggs "an incredible break" by sentencing her to probation and attempting to get her help with her drug problem, but that Griggs had "flipped off" everyone who had tried to help her. Her counsel pleaded for house arrest, stating that if the district court granted her request and Griggs "blew" it, counsel would have nothing to say at a subsequent probation revocation hearing. The probation officer argued that house arrest would not be a deterrent to Griggs's drug use.

The district court then asked, "Anything else anybody want to say here?" Griggs then spoke, stating that her time in custody made her realize she had to stop using cocaine. She also attempted to explain why she had missed counseling sessions. After some discussion between the district court and Griggs about the names of her drug suppliers, the district court again asked, "Anything else anybody wants to say here?" No one spoke, and the district court gave Griggs "one additional chance" by continuing probation. However, the district court "wanted it clear" that if Griggs violated the conditions of supervision in any way, it would revoke her probation, issue a warrant for her arrest, and, after a due process hearing, send her "packing" for a year. Griggs stated that she understood. The district court again warned Griggs "in the clearest terms" that if she violated any condition of supervision in any way: "The next time you are in front of me, you will not have this kind of result." Griggs again stated that she understood.

On February 23, 2005, Griggs's probation officer filed a violation report, asserting that Griggs had tested positive for cocaine and had admitted to using cocaine on February 17, the day she was released from custody.

On March 28, 2005, the district court held a probation revocation hearing. Griggs's counsel reminded the district court of her promise not to speak at another

-3-

hearing if Griggs violated her conditions of supervision and informed the district court that Griggs had admitted to using cocaine the day after she was released from custody. The district court told counsel that it would not hold her to her promise, and counsel requested a sentence of imprisonment within the Guidelines Chapter 7 advisory sentencing range of 3 to 9 months imprisonment. The government requested "substantial time" in prison, and the probation officer recommended one-year imprisonment. The district court then asked, "Anything else that anybody wants to place on the record?" Griggs did not speak, and the district court sentenced her to 12 months imprisonment to be followed by 12 months of supervised release. In imposing the sentence, the district court noted that despite the opportunities it had afforded Griggs, she had not gained control over her addiction. The district court further noted that it had no other services to offer her and the best it could do was to "keep [Griggs] off the streets at least for a year and keep her under supervision for another year."

## DISCUSSION

On appeal, Griggs argues that at the March 28, 2005, probation revocation hearing the district court failed to offer her an opportunity for allocution, in violation of Fed. R. Crim. P. 32(i)(4)(A)(ii), which provides that before imposing a sentence a district court "must . . . address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence."

Although at the time of the March 28 hearing, Fed. R. Crim. P. 32.1, which applies to revocation hearings, did not provide for a right of allocution, the government concedes that, under this circuit's case law, Rule 32 (i)(4)(A)(ii) applied to the March 28 revocation hearing. See United States v. Patterson, 128 F.3d 1259, 1261 (8th Cir. 1997) ("Rule 32 applies to sentencing upon revocation of supervised release when the court imposes a new sentence based on conduct that

-4-

occurred during supervised release").[2]  However, the government argues that reversal is not required because the district court substantially complied with the rule, relying on United States v. Iversen, 90 F.3d 1340, 1346 (8th Cir. 1996).  In Iversen, although a "district court should have made clear that it was asking [the defendant] personally if she had anything further to say on her own behalf or in mitigation of her sentence[,]" we held that reversal was not required because "it [wa]s clear from the course of the [revocation] hearing that [the defendant] 'knew [she] had a right to speak on any subject of [her] choosing prior to the imposition of sentence.'"  Id. (quoting United States v. De Alba Pagan, 33 F.3d 125, 129 (1st Cir. 1994)).[3]  We noted that "[t]he district court did not prevent, harass, or hurry any effort on the part of [the defendant] or her counsel to speak."  Id.  We also noted that the defendant's "views on sentencing were fully known," and that the defendant did speak at the hearing.  Id.

In this case, we find substantial compliance.  It is also clear from the course of the two revocation hearings that Griggs knew she had the right to address the court before it imposed sentence.  Although at the March 28 hearing Griggs did not speak in response  to the district court's inquiry whether anybody wanted to place anything on the record, at the February 17 hearing Griggs spoke in response to an almost identical inquiry.  In addition, at the February 17 hearing the district court told Griggs it would afford her "due process" at a subsequent hearing and at the March 28 hearing,

---

[2]In holding that Rule 32's allocution requirement applied to revocation hearings, in United States v. Patterson, 128 F.3d 1259, 1261 (8th Cir. 1997) (quotation omitted), we noted that although Rule 32.1 did "not specifically delineate a right of allocution, . . . Rule 32 [wa]s not expressly limited to sentencing immediately following conviction" and that "Rules 32 and 32.1 [wer]e complementing rather than conflicting."  We note that, effective December 1, 2005, Rule 32.1(b)(2)(E) now provides that at a revocation hearing a defendant "is entitled to . . . an opportunity to make a statement and present any information in mitigation."

[3]In United States v. De Alba Pagan, 33 F.3d 125, 129 (1st Cir. 1994), the court subjected Rule 32's allocution requirement to a "functional equivalency (or put another way, substantial compliance)" analysis.

the district court told Griggs's counsel it would not hold her to her promise not to speak at another revocation hearing if Griggs violated her conditions of release. Thus, as in <u>Iversen</u>, "[u]nder the unique circumstances of this case, we find that [Griggs's] right of allocution was satisfied." <u>Id.</u>

We also agree with the government that assuming error and assuming harmless-error analysis is applicable, any error in the district court's failure to personally address Griggs would be harmless.[4] At the February 17 hearing, the district court made it clear that if Griggs violated any condition of supervision, it would revoke her probation and sentence her to one year imprisonment. At the March 28 hearing, Griggs's counsel admitted that Griggs had used cocaine the day after she was released

---

[4]As Griggs notes, this court has "previously suggested that the failure to comply with Rule 32's requirement of affording a defendant the right of allocution constitutes reversible error per se." <u>United States v. Patterson</u>, 128 F.3d at 1261 (citing <u>United States v. Walker</u>, 896 F.2d 295, 301 (8th Cir. 1990)). However, in <u>Patterson</u> we conducted a harmless-error review of a Rule 32 allocution error, noting Fed. R. Crim. P. 52(a) provides that "any error . . . that does not affect substantial rights must be disregarded" and citing <u>United States v. Carper</u>, 24 F.3d 1157, 1162 (9th Cir. 1994), in which the Ninth Circuit reviewed a "district court's failure to afford appellant his right of allocution for harmless error."

In addition to arguing harmless error, the government argues that because Griggs failed to raise a Rule 32 objection at the revocation hearing, this court should review for plain error. It is true that if a defendant fails to preserve error, we review for plain error, rather than harmless error. <u>See</u> <u>United States v. Pirani</u>, 406 F.3d 543, 549 (8th Cir. 2005) (en banc). Because we hold that the district court substantially complied with Rule 32, we need not decide whether harmless or plain-error review applies to this case and as to the elements of those standards of review. However, we note that circuit courts disagree as to whether a Rule 32(i)((4)(A)(ii) error is subject to harmless or plain-error analysis and as to the element of prejudice under plain-error review. <u>See</u> <u>United States v. Reyna</u>, 358 F.3d 344, 351 n. 6 (5th Cir. 2004) (en banc) (discussing different appellate courts' approaches to review of violations of Rule 32's allocution requirement).

from custody following the February 17 hearing. Thus, "[w]hen [Griggs] again violated the terms of supervis[ion] by [using] drugs, the [district] court enforced its agreement with [Griggs] and did exactly what it had promised [Griggs] it would do, it sentenced [her] to 12 months imprisonment." United States v. Reyna, 358 F.3d 344, 353 (5th Cir. 2004) (en banc). Indeed, at the February 17 hearing Griggs's counsel essentially conceded that if the district court . . . gave Griggs "one last chance" by continuing her probation and she again violated her conditions of supervision, nothing could be said on Griggs's behalf or in mitigation of her sentence.

Although we find no reversible Rule 32 error in this case, we nonetheless want to emphasize that in order to protect a defendant's rights and to avoid unnecessary appeals, before imposing a sentence a district court should expressly comply with Rule 32's allocution requirement by "address[ing] the defendant personally in order to permit the defendant to speak or to present any information to mitigate the sentence."

Griggs also argues the district court abused its discretion in imposing the 12-month sentence of imprisonment. Before United States v. Booker, 543 U.S. 220 (2005), we reviewed revocation sentences for an abuse of discretion. United States v. White Face, 383 F.3d 733, 737 (8th Cir. 2004). However, after Booker, "we think it is more consistent with Booker to review revocation sentences . . . under the 'unreasonableness' standard announced in that opinion." United States v. Tyson, 413 F.3d 825, 825 (8th Cir. 2005) (per curiam). In this case, although the 12-month sentence was longer than the Chapter 7 advisory sentencing range of 3 to 9 months, it is within the statutory maximum, and "[g]iven the number of violations committed by [Griggs] and their nature, we cannot say" that the 12-month sentence was unreasonable. United States v. Grimes, 54 F.3d 489, 492 (8th Cir. 1995). Moreover, review of the revocation hearing transcripts demonstrates that the district court gave careful consideration to 18 U.S.C. § 3553(a) sentencing factors, including the goals of deterrence, rehabilitation, and the need to protect the public and Griggs's history

and characteristics. <u>See</u> <u>United States v. Lamoreaux</u>, 422 F.3d 750, 756 (8th Cir. 2005).

Accordingly, we affirm the district court's judgment.

_____