# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3710

_____

United States of America,               *
                                       *

          Appellee,          *
                                       *   Appeal from the United States

     v.                    *   District Court for the
                                       *   Eastern District of Arkansas.

Todd Deon Holmes,            *
                                       *   [UNPUBLISHED]

         Appellant.        *

_____

Submitted: August 7, 2006
Filed: August 23, 2006

_____

Before RILEY, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Todd Deon Holmes appeals the sentence the district court imposed after he pleaded guilty to escaping from the custody of an institutional facility where he was confined pursuant to a federal criminal judgment, in violation of 18 U.S.C. §§ 751(a) and 4082(a). For reversal, Holmes argues that the district court did not afford him an opportunity to address the court before sentencing him, as required by Federal Rule of Criminal Procedure 32(i)(4)(A)(ii).[1] The government counters that Holmes was

_____

[1]Counsel notes that Holmes also wishes to raise a claim of ineffective assistance of counsel, but any such claim should be deferred to proceedings under 28 U.S.C. § 2255. See United States v. Looking Cloud, 419 F.3d 781, 788-89 (8th Cir. 2005)

able to speak on his own behalf when entering his guilty plea, before being sentenced at the same hearing.

We vacate the sentence, because the district court did not substantially comply with Rule 32(i)(4)(A)(ii) merely by offering Holmes the opportunity to discuss the factual basis for his guilty plea. Cf. United States v. Griggs, 431 F.3d 1110, 1113-14 (8th Cir. 2005). As in Griggs, 431 F.3d at 1114 n.4, we do not reach the question of which standard of review applies, because the government does not argue that the plain-error standard should apply or that any violation of the rule was harmless, conceding instead that a violation of the rule requires remand. E.g., United States v. Booker, 375 F.3d 508, 515 (7th Cir. 2004) ("Because the government does not argue that Booker's Sixth Amendment challenge to the guidelines was forfeited by not being made in the district court, we need not consider the application of the doctrine of plain error to challenges inspired by the *Blakely* decision." (internal citations omitted)), aff'd, 543 U.S. 220 (2005); United States v. Garcia, 406 F.3d 527, 529 n.3 (8th Cir. 2005) (holding error not harmless where government made no effort to argue harmlessness). But cf. Lufkins v. Leapley, 965 F.2d 1477, 1481 (8th Cir. 1992) (holding that court may overlook government's waiver of harmless error argument in certain circumstances).

Accordingly, we vacate Holmes's sentence and remand for resentencing following allocution.

———————————————

———————

(court will not consider ineffective-assistance claims on direct appeal except in exceptional cases where district court has developed appropriate record on ineffectiveness issue or where result would be plain miscarriage of justice).