# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3313

_____

United States of America,     *
    *
      Appellee,     *
    *    Appeal from the United States
    v.     *    District Court for the Western
    *    District of Missouri.
Jeremy L. White,     *
    *       [UNPUBLISHED]
      Appellant.     *

_____

Submitted: March 13, 2007
Filed: March 21, 2007

_____

Before COLLOTON, BEAM, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

On January 19, 2006, the district court[1] sentenced White to three years of probation after he pled guilty to the charge of being a felon in possession of a firearm. Within months of sentencing, White violated his probation in multiple ways–by failing to successfully participate in a program of home detention, failing to notify the probation officer within ten days prior to a change in residence or employment, and failing to successfully participate in a substance abuse counseling program. On September 7, 2006, the court revoked White's probation and sentenced him to twenty-

_____

[1]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

four months' imprisonment. White appeals, arguing that we should reverse and remand for resentencing because the district court failed to acknowledge the policy statements and revocation table in chapter seven of the Guidelines and failed to adequately address the factors set forth in section 18 U.S.C. § 3553(a).

We review revocation sentences post-Booker under the unreasonableness standard and find nothing unreasonable here. United States v. Griggs, 431 F.3d 1110, 1115 (8th Cir. 2005). The court did not exceed any boundaries by sentencing White to twenty-four months' imprisonment upon revocation. To begin with, "[w]e have long recognized the purely advisory nature of the Chapter 7 policy statements related to the revocation of supervised release." United States v. Larison, 432 F.3d 921, 922 (8th Cir. 2006).

Further, the court's sentencing colloquy reveals that it did, in fact, consider and discuss the factors suggested by section 3553(a) even though it did not particularly elucidate section 3553(a). After pointing out the flagrancy with which White violated his probation, the court discussed the many factors influencing its decision to impose imprisonment: (1) clearly probation was not going to effectuate any behavioral change in White; (2) White's history reflected a tendency toward violence, and yet White continued to blame others for his failings; (3) White did not respect the leniency of the initial sentence he was given; (4) the length of the imposed sentence would facilitate rehabilitation efforts and effective correctional treatment; (5) White needed a "wake-up call," and most importantly; (6) White needed to understand that his actions set in motion "serious consequences." The court also especially noted that White is young and in the end, determined that twenty-four months was long enough to send a message yet short enough to allow White an opportunity to start over upon release. Each of the court's reasons supports the sentence imposed. Accordingly, we affirm.

_____