# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2001

_____

United States of America,      *

             Appellee,      *

     v.      * 

Eric Lamont Williams,      *

             Appellant.      *

* Appeal from the United States
* District Court for the
* Eastern District of Arkansas.

* [UNPUBLISHED]

_____

Submitted: March 12, 2007
Filed: June 25, 2007

_____

Before COLLOTON, BEAM and GRUENDER, Circuit Judges.

_____

PER CURIAM.

This is Eric Lamont Williams's second direct appeal following his convictions for conspiracy to possess with intent to distribute less than fifty kilograms of marijuana, conspiracy to possess with intent to distribute more than five grams of cocaine base, possession with intent to distribute less than fifty kilograms of marijuana, and possession with intent to distribute more than five grams of cocaine base. Prior to Williams's first direct appeal, the district court sentenced him to 120 months' imprisonment on each of the marijuana counts and 240 months' imprisonment on each of the cocaine base counts, all to run concurrently.

In Williams's first appeal, we reversed his conviction for possession with intent to distribute more than five grams of cocaine base due to a defect in the indictment and remanded the case with directions to vacate that count of conviction. *See United States v. Williams*, 429 F.3d 767, 775 (8th Cir. 2005) ("*Williams I*"). On remand, the district court[1] complied with our directions and conducted a brief hearing in the presence of Williams, his attorney and an assistant United States Attorney. The court vacated Williams's conviction on the relevant count and reduced the special assessment by $100, leaving intact the remaining 240 month term of imprisonment. At that point the following exchange took place:

> THE COURT: If there's nothing further we'll bring this matter to a close. Yes?
>
> THE DEFENDANT: I have a Sixth Amendment violation. What I was charged with was outside the scope of my indictment because I was arrested on October 25th.
>
> THE COURT: Well, at any rate the Eighth Circuit has affirmed the other counts and I'm following the Eighth Circuit orders and will not take any further action. Anything else?
>
> [ASSISTANT U.S. ATTORNEY]: No, Your Honor.
>
> THE DEFENDANT: Can I have a new appointment of counsel because I want to continue my direct appeal on the issues that he addressed.
>
> THE COURT: That will be up to you to solicit counsel, and if you want to appeal and you are not able to hire one, you may solicit the assistance of the clerk of this court who will assist you in drafting a notice of appeal and will assist you in lodging that with the Eighth Circuit.

---

[1]The late Honorable George Howard, Jr., United States District Judge for the Eastern District of Arkansas.

> If there's nothing further we'll bring this matter to a close. Marshal, he's in your custody.

With there being no additional comments, the district court terminated the hearing. Williams appeals, arguing that the district court denied him allocution under Fed. R. Crim. P. 32(i)(4)(A)(ii) at resentencing.

Ordinarily, we review the question of whether a criminal defendant was afforded an opportunity for allocution de novo. *See United States v. Kaniss*, 150 F.3d 967, 969 (8th Cir. 1998). Neither Williams nor his counsel objected to the district court's purported denial of allocution, but it remains an open question in this circuit whether we review for plain error in these circumstances. *See* Fed. R. Crim. P. 52(b); *United States v. Griggs*, 431 F.3d 1110, 1114 n.4 (8th Cir. 2005). As in *Griggs*, we believe that it is unnecessary to decide this question here because we hold that the district court substantially complied with Rule 32(i)(4)(A)(ii).

We will assume without deciding that Williams had a right to allocution at his resentencing hearing, even though the district court's vacating the count for possession with intent to distribute cocaine base had no effect on the length of Williams's prison term, *see United States v. McKnight*, 17 F.3d 1139, 1145 (8th Cir. 1994) (vacating some counts of conviction and holding that remand for resentencing was unnecessary because the district court had ordered the prison terms on the vacated counts to be served concurrently with the other counts). Even so, the transcript of the resentencing hearing shows that on three occasions, the district court invited Williams to comment, and Williams freely accepted the invitation on the first two of those occasions. On the third occasion, Williams said nothing, and the court recessed. We share the concern expressed in *Griggs* that "a district court should expressly comply with Rule 32's allocution requirement" by addressing the defendant personally. 431 F.3d at 1115. However, the facts of this case are nearly identical to those in *Griggs*, where the district court asked prior to sentencing, "Anything else that anybody wants to place on the record?" and Griggs remained silent. *Id*. at 1113. Here, not only did

the district court offer three opportunities for Williams to allocute, but Williams in fact spoke on his own behalf on two of those occasions.[2] On these facts, we hold that the district court substantially complied with Rule 32(i)(4)(A)(ii). *See id*. at 1114.

————————————————

[2]Williams suggests that the district court "shut him off" and did not permit him to speak on his own behalf. We see no evidence of this in the record. At most, the district court declined Williams's invitation to address the Sixth Amendment issue that he raised.