# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1844

_____

United States of America,

        Appellee,

v.

A.E.B., Juvenile,

        Appellant.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  District of South Dakota.
\*
\*  [UNPUBLISHED]
\*

_____

Submitted: August 7, 2008
Filed: October 1, 2008

_____

Before MURPHY, BYE, and BENTON, Circuit Judges.

_____

PER CURIAM.

A.E.B. challenges as unreasonable the 9-month detention sentence the district court[1] imposed following revocation of his juvenile probation. He argues that the court abused its discretion because it did not "fairly take into account" certain 18 U.S.C. § 3553(a) factors, as it did not properly consider his educational goals and achievements while on probation, and it made a statement at sentencing about his alleged drug use that was not supported by the record.

_____

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

We reject this argument. The district court stated that it had taken into account all the section 3553 factors. Moreover, the court was not required to comment explicitly on A.E.B.'s educational goals and achievements. *See United States v. M.R.M.*, 513 F.3d 866, 868 (8th Cir. 2008) (while this court has found reference to some § 3553(a) factors useful in determining whether district court permissibly considered certain evidence as relevant in juvenile proceeding, it has not declared that district court must balance all § 3553(a) factors in making juvenile disposition), *petition for cert. filed*, (U.S. June 17, 2008) (No. 07-11488); *cf. United States v. White Face*, 383 F.3d 733, 740 (8th Cir. 2004) (district court need not mechanically list every § 3553(a) consideration when sentencing defendant upon revocation of supervised release). To the extent the district court's reference to A.E.B.'s alleged drug use was improper, we find no indication that the court gave this allegation significant weight in determining his sentence. *See United States v. Long Soldier*, 431 F.3d 1120, 1123 (8th Cir. 2005) (abuse of discretion occurs when court, inter alia, gives significant weight to improper or irrelevant factor).

After careful review, we conclude that A.E.B.'s revocation sentence is not unreasonable. *See United States v. Griggs*, 431 F.3d 1110, 1111, 1115 (8th Cir. 2005) (reviewing sentence imposed after revocation of probation under "unreasonableness" standard announced in *United States v. Booker*, 543 U.S. 220, 258-63 (2005)); *cf. M.R.M.*, 513 F.3d at 868 (this court has jurisdiction to determine whether sentence imposed under Federal Juvenile Delinquency Act was imposed in violation of law or is plainly unreasonable; district court enjoys broader discretion when sentencing juvenile offender than when sentencing adult).

Accordingly, we allow counsel to withdraw, and we affirm.

_____