GRUENDER, Circuit Judge,
concurring in the judgment.
Although I concur in the judgment of the court affirming Richey’s sentence, I write separately because I consider the court’s discussion in Part II.A to be unnecessary to the disposition of this case. The court’s effort to “harmoniz[e] Carr with Gall and Wise,” ante at 1003, in a case that does not require it violates “[t]he general rule that we do not decide academic questions,” Mellouli v. Holder, 719 F.3d 995, 1002 (8th Cir.2013). I simply would assume that relying on unproven supervised-release violations when imposing a revocation sentence constitutes procedural error under Gall and then hold that the district court committed no such error for the *1006 reasons stated by the court in Part II.B. This approach avoids the substantial and unbriefed “threshold question” raised by the court in footnote 3 of whether Gall and Federal Rule of Criminal Procedure 32 require the same procedures for an “adjustment report” prepared for supervised-release revocation sentencing as they do for a presentence investigation report (“PSR”) prepared for initial sentencing. Ante at 1002 n. 3.
Relying on United States v. Patterson, 128 F.3d 1259, 1261 (8th Cir.1997), a case that extended Rule 32’s allocution procedure to supervised-release sentencing proceedings, the court poses the rhetorical question of whether “a revocation ‘sentence’ is ‘impose[d]’ within the meaning of Rule 32, such that an additional report must be prepared and disclosed with an opportunity to object?” Ante at 1002, n. 3. The court purports to leave this question “open for a future case.” Id. But what the court raises as a rhetorical question in footnote 3, it effectively answers in footnote 6 when it “clarifies] that district courts in our circuit may not deprive individuals of conditional liberty on the basis of unreliable — perhaps even undisclosed— allegations.” Ante at 1003-1004, n. 6. Indeed, the practical effect of the court’s opinion is to resolve this issue by applying initial-sentencing Rule 32 PSR procedures to adjustment reports used in supervised-release sentencing proceedings, which are generally governed by Rule 32.1. That is, by harmonizing Carr with Gall and Wise to conclude that “a revocation sentence may not be based on disputed, unproven allegations in the probation officer’s reports,” ante at 1003, the court effectively requires that defendants and their attorneys (and perhaps even the Government) be allowed to review adjustment reports (which, as I understand, ordinarily are not disclosed to the parties[10]), object to disputed facts contained in them, and require the Government to “prove up” those facts. The court justifies reaching this unnecessary question based upon its “fear [that] the error may pass undetected because some defendants in our circuit apparently do not see the adjustment report in their case.” Ante at 1003-1004, n. 6. After this decision, however, what defense counsel would not demand, as Richey’s counsel did, disclosure of the adjustment report and then an opportunity to object to it?
Although the court might well be reaching the correct result, without briefing and argument on the issue, I am not convinced of it — particularly in light of the Second Circuit’s refusal to extend Rule 32’s PSR formalities to supervised-release sentencing proceedings. See United States v. Pelensky, 129 F.3d 63, 69 (2d Cir.1997) (“Although it is customary in su-' pervised release proceedings for the probation officer to submit to the judge a memorandum regarding the status of the defendant and the subject of the hearing ... there is no requirement that such communications with the judge meet any particular standard of formality, much less those of a full-fledged presentence report.”). Unlike Rule 32, which provides a detailed process for disclosure of and objections to PSRs, Rule 32.1 has no such procedural scheme. But even assuming that a revocation sentence is “ ‘impose[d]’ within the meaning of Rule 32, such that an additional report must be prepared and disclosed with an opportunity to object,” ante at 1002 n. 3, this requirement may well be met by the probation office’s filing of a petition for warrant or summons for *1007 offender under supervision. Such petitions, including the one filed in this case, enumerate the alleged violations of supervised release — allowing the defendant to review the allegations, dispute them, and put the Government to its burden to prove disputed violations (or dismiss them) in order to ensure that the district court does not rely on unproven allegations of supervised-release violations. If the petition thus serves the purposes of the PSR, perhaps the adjustment report is more akin to the probation office’s sentence recommendation for initial sentencing, which is not required by Rule 32 to be disclosed to the parties. See Fed.R.Crim.P. 32(e)(3) (“[T]he court may direct the probation officer not to disclose to anyone other than the court the officer’s recommendation on the sentence.”). In any event, as it is unnecessary to decide this case, I would avoid this difficult question.
For these reasons, I concur in the judgment of the court.

. Richey states in her brief that adjustment reports "do not appear as a docket entry and cannot be accessed from PACER, even by the parties.” The only reason the adjustment report became an issue in this case is that the district court disclosed it at the request of Richey's counsel.