# United States Court of Appeals
### For the Eighth Circuit

_____

No. 16-1005

_____

United States of America

*Plaintiff - Appellant*

v.

Christopher S. Long

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Joplin

_____

Submitted: June 2, 2016
Filed: June 7, 2016
[Unpublished]

_____

Before MURPHY, BOWMAN, and BENTON, Circuit Judges.

_____

PER CURIAM.

Christopher Long appeals after he pleaded guilty to a felon-in-possession charge and the District Court[1] imposed a sentence of ninety-six months in prison and

_____

[1]The Honorable M. Douglas Harpool, United States District Judge for the Western District of Missouri.

three years of supervised release, varying downward from the advisory U.S. Sentencing Guidelines range. Long's counsel has moved to withdraw, and in a brief filed under Anders v. California, 386 U.S. 738 (1967), counsel raises two issues: whether Long's prior conviction under Missouri Revised Statutes section 571.030.1(4) was a "crime of violence" for purposes of calculating his offense level under Guidelines § 2K2.1(a)(2) and whether the sentence is substantively unreasonable. In a pro se supplemental brief, Long joins counsel in challenging the designation of his prior conviction as a crime of violence and also requests prior-custody credit.

We have reviewed the record, and we conclude that the court did not err in determining that the section 571.030.1(4) offense was a "crime of violence" under the Guidelines. See U.S. Sentencing Guidelines Manual § 4B1.2(a)(1) (defining "crime of violence"); United States v. Pulliam, 566 F.3d 784, 788 (8th Cir.) (holding that § 571.030.1(4) "meets the statutory definition of violent felony in [18 U.S.C.] § 924(e)(2)(B)(i), because it involves the 'use, attempted use, or threatened use of physical force against the person of another'"), cert. denied, 558 U.S. 1035 (2009); United States v. Vincent, 575 F.3d 820, 826 (8th Cir. 2009) ("The statutory definition of 'violent felony' is viewed as interchangeable with the guidelines definition of 'crime of violence.'" (citations to quoted cases omitted)), cert. denied, 560 U.S. 927 (2010). We also conclude that the court did not abuse its discretion in declining to vary downward any more than it did. See United States v. Lazarski, 560 F.3d 731, 733–34 (8th Cir. 2009). Finally, Long must raise any issue of prior-custody credit with the Bureau of Prisons. See United States v. Iversen, 90 F.3d 1340, 1344 (8th Cir.1996).

We have reviewed the record under Penson v. Ohio, 488 U.S. 75 (1988), and we find no nonfrivolous issues. Accordingly, we affirm the judgment, we grant counsel's motion to withdraw, and we deny Long's pending motions.

_____